[No. 44537.   En Banc.   May 19, 1977.]

*In the Matter of the Personal Restraint of*
DENNIS VENSEL, *Petitioner.*

David W. Murdach and Healy, Healy & Murdach, for petitioner.

Donald Herron, Prosecuting Attorney, and Joseph D. Mladinov, Special Counsel, for respondent.

UTTER, J.—Dennis Vensel filed a personal restraint petition seeking post–conviction relief on the ground he was not informed of the consequences of guilty pleas he entered to four charges in district court. We hold his pleas should be set aside unless it can be shown by evidence outside the record they were intelligently and voluntarily made with full knowledge of the consequences of those pleas.

Petitioner appeared with his then appointed counsel on February 23, 1976, and pleaded guilty to driving while under the influence or affected by the use of intoxicating liquor, no operator's license; driving a motor vehicle while under the influence and/or affected by intoxicants and/or drugs, and no operator's license displayed. These pleas were accepted and petitioner was sentenced to two consecutive 1–year sentences. Another attorney was then obtained by petitioner and a motion to set aside his guilty pleas was argued on May 21, 1976. At that hearing the district court found neither counsel nor the court had informed him of

the consequences of his pleas before sentencing, but denied his motion. At a subsequent hearing in superior court on July 8, 1976, relief was denied on the grounds that petitioner "plead guilty knowing himself to be guilty."

At the time these hearings were held, our opinion in *Wood v. Morris*, 87 Wn.2d 501, 554 P.2d 1032 (1976), had not been published. In that case this court held a guilty plea is invalid unless it appears that the plea was in fact knowingly and understandingly entered with knowledge of its consequences and that this conclusion must be based upon facts which appear in the record or which are established by a clear and convincing showing from evidence extrinsic to the statement of facts. In *Wood* we ordered that in superior court a trial judge must make direct inquiry either personally or by a written statement as to whether the defendant understands the nature of the charge and the full consequences of his plea. This was held to be a requirement of our court rule, CrR 4.2, and not a constitutionally mandated procedure. The rationale for our rule is that "'[t]here is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him.'" *Wood v. Morris, supra* at 511.

The criminal rule for justice courts (JCrR 3.06(1))[1] is not as explicit as the comparable superior court rule (CrR 4.2(d))[2] as it relates to informing the defendant of the consequences of his plea. As a matter of policy, however, the same principles that persuaded this court in *Wood* that it is desirable to have a complete record at the time the plea is entered relevant to the voluntariness determination, are equally applicable in justice court. A written record there

[1]JCrR 3.06(1) reads in part: "The plea of guilty can be made only by the defendant in open court. The court may refuse to accept a plea of guilty and shall not accept such plea without first determining of record that the plea is made voluntarily and with understanding of the nature of the charge."

[2]CrR 4.2(d) reads:
"The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the

will also discourage frivolous post–conviction attacks on the validity of guilty pleas.

▮ We believe it is important at the time a plea of guilty is entered, whether in justice or superior court, that the record show on its face the plea was entered voluntarily and intelligently, and affirmatively show the defendant understands the maximum term which may be imposed. *United States ex rel. Pebworth v. Conte,* 489 F.2d 266 (9th Cir. 1974); *Yellowwolf v. Morris,* 536 F.2d 813 (9th Cir. 1976). Recognizing the lack of procedure to record the verbal understanding of the information required, district courts should have the defendant acknowledge he understands his rights on a written form similar to that required in CrR 4.2(g) and modified as may be appropriate for district court proceedings.

▮ This ruling will have prospective application only. As we stated in *Wood v. Morris, supra* at 514: "The pertinent factors are the purpose of the new rule, the extent to which law enforcement agencies and courts have justifiedly relied upon the preexisting rule, and the effect of retroactive application upon the administration of justice." We do, however, find it appropriate to grant relief to this petitioner. This court has consistently held that to be valid a plea of guilty must be entered not only voluntarily and with understanding of the charge, but also with knowledge of the consequences of such a plea. *State v. Taft,* 49 Wn.2d 98, 297 P.2d 1116(1956); *Miesbauer v. Rhay,* 79 Wn.2d 505, 487 P.2d 1046 (1971). The record before us raises strong questions as to whether the petitioner understood the potential consequences of his pleas. Further, the record contains no facts which suggest the petitioner has failed to preserve his right to challenge the propriety of his guilty pleas. *Cf. Wood v. Morris, supra.* The guilty pleas of petitioner are set aside unless it can be shown by evidence outside the

charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

record that they were made intelligently, voluntarily, and with full knowledge of their consequences.

The case is remanded for further proceedings not inconsistent with this opinion.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.