**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sergio LOPEZ–BELTRAN,
Defendant-Appellant.**

No. 79–1244.

United States Court of Appeals,
Ninth Circuit.

May 29, 1979.

Rehearing Denied Nov. 29, 1979.

Warren R. Williamson, San Diego, Cal., for defendant-appellant.

Hector E. Salitrero, Asst. U. S. Atty., (on the brief), Michael H. Walsh, U. S. Atty., Hector E Salitrero, Asst. U. S. Atty. (argued) San Diego, Cal., for plaintiff-appellee.

Before WALLACE and TANG, Circuit Judges, and ZIRPOLI,* District Judge.

* The Honorable Alfonso J. Zirpoli, Senior United States District Judge for the Northern District of California, sitting by designation.

1. § 1325. Entry of alien at improper time or place; misrepresentation and concealment of facts
    Any alien who (1) enters the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) obtains entry to the United States by a willfully false or misleading representation or the willful

PER CURIAM:

Appellant Sergio Lopez-Beltran was charged in a one-count indictment of violating 8 U.S.C. section 1325 [1] in that he illegally entered the United States at a time and place other than that designated by immigration officers and further that such entry was effected after a prior conviction of illegal entry into the United States. Because of the allegation that appellant had been previously convicted of violating section 1325, the indictment charged him with a felony.

Appellant filed a motion to dismiss the indictment on the grounds that the prior conviction upon which the felony indictment was predicated was infirm because the magistrate had violated Rule 11(f), Federal Rules of Criminal Procedure, in accepting appellant's guilty plea. The trial judge denied appellant's motion, and the case was tried upon stipulated facts. Defendant was found guilty and sentenced to two years in custody, which sentence was suspended on the condition that appellant serve 180 days in a jail-type or treatment institution, and that appellant be on probation for a period of two years.

The issues on this appeal are whether the prior conviction is in fact infirm for the failure to comply with Rule 11(f), and, if so, whether that conviction can be collaterally attacked in this proceeding, wherein the indictment for a felony violation of section 1325 is predicated upon the prior conviction. Although the appeal is ostensibly one from the order denying the motion to dismiss the indictment, appellant concedes that even if the prior conviction were expunged, he would stand guilty, on the stipulated facts, of the lesser included misdemeanor offense.

concealment of a material fact, shall, for the first commission of any such offenses, be guilty of a misdemeanor and upon conviction thereof be punished by imprisonment for not more than six months, or by a fine of not more than $500, or by both, and for a subsequent commission of any such offenses shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment for not more than two years, or by a fine of not more than $1,000, or both.

■ The court agrees that the magistrate on the initial conviction failed to comply adequately with the requirements of Rule 11(f). That Rule provides:

Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

The record in the instant case is devoid of the type of inquiry that the Rule requires. The Supreme Court has held that this Rule requires the court accepting a plea of guilty to make an "examination of the relation between the law and the acts the defendant admits having committed," a task designed to "exposes the defendant's state of mind on the record through personal interrogation . . ." *McCarthy v. United States*, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). Courts of Appeals have subsequently held that:

"[The trial judge] must personally question the defendant at the time of pleading [and] must demonstrate on the record that he has satisfied himself that there is a factual basis for the plea."

*Irizarry v. United States*, 508 F.2d 960, 967–68 (2d Cir. 1974), quoting *Manley v. United States*, 432 F.2d 1241 (2d Cir. 1970). Rule 11(f), read in light of *McCarthy*, has led one court to conclude that the requirements are not satisfied merely because the court has in its possession a presentence report detailing the defendant's conduct. *United States v. Zampitella*, 416 F.Supp. 604 (E.D.Pa. 1976).

Our own circuit has held that the defendant's acquiescence in the Rule 11 procedures by signing a written guilty plea application containing all of the required items of disclosure is inadequate, for it must appear that the inquiry was undertaken on the record. *United States v. Del Prete*, 567 F.2d 928, 930 (9th Cir. 1978) (failure to describe consequences of special parole term).

The magistrate who accepted appellant's plea in the prior proceeding made no inquiry into the facts underlying the charges to which appellant pleaded guilty. Indeed, the only discussion of the facts was a brief recitation made by the United States Attorney for the purpose of influencing the sentence that the magistrate would impose. This discussion took place only after the plea had been accepted, and the appellant in no way indicated his agreement with the sketchy facts described therein. Because Rule 11(f) was indeed violated in the prior proceeding, we agree that the conviction is defective.

■ There can be little doubt that, where an infirm conviction provides the basis for a subsequent criminal charge, the defendant may use the subsequent proceedings as a forum for attacking the prior conviction. While this issue has not been decided in prior cases arising under the felony provisions of section 1325, this circuit has recognized the principle in analogous areas of criminal law. Thus, in *United States v. Pricepaul*, 540 F.2d 417 (9th Cir. 1976), the court held that the defendant in a prosecution for being a convicted felon in possession of a firearm could collaterally attack the validity of a plea he entered in a state prosecution where the resulting conviction was the felony upon which the firearms charge was predicated. *Pricepaul* relied upon *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1969), where the Supreme Court held that a conviction obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), could not be used to "support guilt or enhance punishment for another offense." 389 U.S. at 115, 88 S.Ct. at 262. We hold that the same considerations apply to a violation of Rule 11(f).

Although it is therefore necessary for us to vacate the felony conviction under section 1325, it is conceded that, upon the agreed statement of facts, defendant would have been guilty of the lesser included misdemeanor violation of section 1325. We therefore remand to the district court for sentencing on the lesser included offense.

**VACATED AND REMANDED.**