[No. 46197. En Banc. December 31, 1980.]

*In the Matter of the Personal Restraint of* FRANKLIN KEENE, *Petitioner.*

*Wayne Lieb* of *Institutional Legal Services,* for petitioner.

*Joseph Panattoni, Prosecuting Attorney,* and *David H. Gorrie, Deputy,* for respondent.

ROSELLINI, J.—This personal restraint petition is based upon a contention that the petitioner's plea of guilty was invalid because he did not understand the nature of the crime of forgery and the consequences of the plea.

Keene, a high school dropout, pleaded guilty to three counts of forgery. He had signed a typewritten statement prepared by his attorney and required by CrR 4.2(g).

In that statement the petitioner acknowledged that: the court had told him he was charged with three counts of forgery, the maximum sentence for each count being 5 years' imprisonment, or a $5,000 fine, or both; the court had advised him of his rights to counsel, to trial by jury, to hear

and question adverse witnesses and to have witnesses testify for him, and that the charge must be proven beyond a reasonable doubt; he was pleading guilty to all three counts of forgery as charged in the information, a copy of which he received; he made this plea freely and voluntarily.

Shortly after signing the form, Keene responded affirmatively when his attorney asked if he had read the entire statement and signed it. Upon being questioned by the court, he declared that his reason for pleading guilty was that it would be "practically impossible" for him to "prove otherwise".

In his personal restraint petition, he states that he moved to withdraw the guilty plea before sentencing. He did not appeal from the denial of that motion.

CrR 4.2(d) reads:

> The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

 The petitioner argues that CrR 4.2(d) was violated. This claimed error is subject to the rule that a conviction may not be collaterally attacked upon a nonconstitutional ground which could have been raised on appeal, but was not. *State v. Wicke,* 91 Wn.2d 638, 645–46, 591 P.2d 452 (1979). A guilty plea does not preclude an appeal as to the circumstances under which the plea was made. *Young v. Konz,* 91 Wn.2d 532, 536, 588 P.2d 1360 (1979); *State v. Saylors,* 70 Wn.2d 7, 9, 422 P.2d 477 (1966); *State v. Rose,* 42 Wn.2d 509, 514, 256 P.2d 493 (1953). Therefore, this contention is precluded, no appeal having been taken. *See State v. Saylors, supra; State v. Rose, supra.*

Upon a personal restraint petition, however, the court will consider a contention that the petitioning prisoner is presently detained in violation of the federal or state constitution. RAP 16.4(c)(2), 16.7(a)(2).

■ The United States Supreme Court has said that one purpose of Fed. R. Crim. P. 11, upon which our CrR 4.2 is based, is to fulfill the constitutional requirement that a plea of guilty be made voluntarily. *McCarthy v. United States,* 394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969). We adopted the reasoning of that case in *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976), concluding that under CrR 4.2(d) the trial judge must make *direct inquiries* of the defendant to determine if he understands the nature of the charge and the full consequences of a guilty plea. The *McCarthy* court, however, had noted that the drafters of rule 11 had amended that rule in 1966 to expressly require the court to personally question the defendant.[1] *McCarthy,* at 465–66. CrR 4.2(d) does not include this requirement nor did the *Wood* court conclude that *oral* inquiries are necessary.

Subsequently, we interpreted *Wood* as ordering

> that in superior court a trial judge must make direct inquiry *either personally or by a written statement* as to whether the defendant understands the nature of the charge and the full consequences of his plea. This was held to be a requirement of our court rule, CrR 4.2, and not a constitutionally mandated procedure.

(Italics ours.) *In re Vensel,* 88 Wn.2d 552, 554, 564 P.2d 326 (1977).

In the instant case, the judge was justified in relying upon the plea statement. While the statement was typewritten and was prepared by the petitioner's attorney, petitioner told the trial court that he had read it, and that the

---

[1]Following the 1966 amendment and at the time of the adoption of CrR 4.2 (April 18, 1973), rule 11 provided:

"A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." Fed. R. Crim. P. 11 (1970).

statements contained in it were true. He will not now be heard to deny these facts.

In *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), the United States Supreme Court held that the defendant must be apprised of the nature of the offense and the consequences of pleading guilty in order for the plea—a waiver of several constitutional rights—to be accepted as knowing, intelligent and voluntary. *Accord, State v. Holsworth,* 93 Wn.2d 148, 153, 607 P.2d 845 (1980). *Boykin,* however, does not impose a due process requirement that the trial judge *orally question* the defendant to determine that he or she understands the nature of the offense and the consequences of pleading guilty in order for the plea to be accepted. The case requires only that courts canvass the matter with the accused to make sure that he or she fully understands what the plea connotes and its consequences. *Boykin,* at 244.

The statement shows that the petitioner was aware of the consequences of his plea of guilty. Does it also show that he was aware of the nature of the charges against him?

■ A guilty plea cannot be voluntary in the sense that it constitutes an intelligent admission unless the defendant is apprised of the nature of the charge, "'the first and most universally recognized requirement of due process.'" *Henderson v. Morgan,* 426 U.S. 637, 645, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976), quoting *Smith v. O'Grady,* 312 U.S. 329, 334, 85 L. Ed. 859, 61 S. Ct. 572 (1941). *See* Criminal Rules Task Force, *Washington Proposed Rules of Criminal Procedure* (1971), Comment at 60.

> Apprising the defendant of the nature of the offense need not "always require a description of every element of the offense . . ." *Henderson v. Morgan,* 426 U.S. 637, 647 n.18, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976). At a minimum, however, it would appear that the defendant would need to be aware of the acts and the requisite state of mind in which they must be performed to constitute a crime.

*State v. Holsworth, supra* at 153 n.3.

The petitioner argues that he signed the plea statement without an understanding of the nature of the charge, particularly the requisite specific intent (intent to injure or defraud). RCW 9A.60.020(1). He relies heavily upon *McCarthy v. United States, supra,* which held that rule 11 required the trial court to personally inquire whether a defendant understood the essential elements of a charge of tax evasion, including "wilful and knowing" intent. *McCarthy,* however, is grounded on the requirements of rule 11—not upon constitutional principles. *McCarthy,* at 464.

*Henderson v. Morgan, supra,* is also relied upon in support of the contention that a constitutional violation occurred. In *Morgan,* a habeas corpus petition alleged that a guilty plea was involuntary. The United States Supreme Court sustained the lower court holdings that the plea was involuntary because the petitioner was not informed that intent to cause the victim's death is an element of second degree murder.

The court stressed that the second degree murder charge was never formally made, for had it been it necessarily would have included an allegation that respondent's assault was "committed with a design to effect the death of the person killed." *Henderson,* at 645. It also emphasized there was nothing in the record that could substitute for either a finding at trial or a voluntary admission that the respondent had the requisite intent. In a footnote, the court stated that notice of the true nature of a charge does not always necessitate a description of every element of the offense but that "intent is such a critical element of the offense of second–degree murder that notice of that element is required." *Henderson,* at 647 n.18.

Intent to injure or defraud is likewise a "critical element" of the crime of forgery. Unlike *Henderson,* however, Keene had notice of that element. The information charged him with forgery, specifying that the acts were committed with the "intent to injure and defraud." He pleaded guilty to the

crime of forgery "as charged in the information" and acknowledged receiving a copy of that information.

The petitioner assured the trial judge he had thoroughly read the plea statement and that it was true and correct. Because he was aware of the requisite specific intent, the constitution has not been violated. *State v. Holsworth, supra* at 153 n.3.

It is urged that the trial judge did not ascertain the factual basis of the guilty plea as required by CrR 4.2(d). In *McCarthy v. United States, supra,* the Supreme Court did not reach the question whether the then–identically worded rule 11 requirement that the judge satisfy himself of the plea's factual basis was met by a postplea reading of the presentence report. Nonetheless, the court stressed that a guilty plea cannot be truly voluntary "unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy,* at 466.

The judge must determine "'that the conduct which the defendant admits constitutes the offense charged in the indictment or information . . .'" Requiring this examination protects a defendant "'who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *McCarthy,* at 467 (quoting Fed. R. Crim. P. 11, Notes of Advisory Committee on Criminal Rules). Under rule 11, the "judge must develop, *on the record,* the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge." *Santobello v. New York,* 404 U.S. 257, 261, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971).

The information furnished by the petitioner with respect to the factual basis for the plea was as follows:

13. The Court has asked me to state briefly in my own words what I did that resulted in my being charged with the crime in the information. This is my statement: With respect to Count 1 on or about July 16, 1976 while my employer, Ron Lindh, of Capital Printing and Office Supply was on vacation cashed a check in a sum of

$100.00 which my employer had left behind for emergency business expenditures. With respect to Count 2 I on or about July 20, 1976 cashed a check which had been drawn on the Pacific National Bank of Washington upon which check the name of my employer, Ron Lindh, had been forged, said check being for the amount of $200.00. With respect to Count 3 on or about July 28, 1976 I cashed a check drawn on the Pacific National Bank of Washington upon which check the name of Ron Lindh as drawer had been forged, said check being in the amount of $1,000.00.

Statement of defendant on plea of guilty. Insofar as we are shown, this was the only information supplied the judge before the plea was entered. The purpose of question 13 is "to *aid* the trial court in determining if a factual basis for the plea exists." (Italics ours.) *State v. Newton,* 87 Wn.2d 363, 371, 552 P.2d 682 (1976).

> The factual basis requirement of CrR 4.2(d) does not mean the trial court must be convinced beyond a reasonable doubt that defendant is in fact guilty. "It should be enough if there is sufficient evidence for a jury to conclude that he is guilty."

*Newton,* at 370, quoting *United States v. Webb,* 433 F.2d 400, 403 (1st Cir. 1970); *State v. Durham,* 16 Wn. App. 648, 653, 559 P.2d 567, *review denied,* 88 Wn.2d 1014 (1977). The factual basis required by CrR 4.2(d) must be developed on the record[2] (*Santobello v. New York, supra*) at the time the plea is taken (*McCarthy v. United States, supra*) and may not be deferred until sentencing (*State v. Iredale,* 16 Wn. App. 53, 553 P.2d 1112 (1976), *review denied,* 88 Wn.2d 1005 (1977)). *United States v. Lopez–Beltran,* 607 F.2d 1223 (9th Cir. 1979) (per curiam); *Irizarry v. United States,* 508 F.2d 960 (2d Cir. 1974).

Count 1 charged the petitioner with cashing a $100 check which had been drawn by Mr. Lindh, proprietor of Capital

---

[2]In *State v. Newton, supra,* we indicated the factual basis required by CrR 4.2(d) may be established from any reliable source, and not alone from the defendant's admissions, *so long as the material relied upon by the trial court is made a part of the record.*

Printing, prior to his leaving on vacation. It appears that the check was signed by Mr. Lindh, but the payee was left blank. The petitioner was employed as office manager of Capital Printing and the check was left in his possession with the expectation that it would be used for business purposes. The petitioner completed the check by designating himself as payee. However, the money was not spent for business purposes, but was deposited to the petitioner's own account and used for his own purposes.

To "falsely make" is defined in RCW 9A.60.010(4):

(4) To "falsely make" a written instrument means to make or draw a complete or incomplete written instrument which purports to be authentic, but which is not authentic either because the ostensible maker is fictitious or because, if real, he did not authorize the making or drawing thereof;

To "falsely complete" is defined in RCW 9A.60.010(5):

(5) To "falsely complete" a written instrument means to transform an incomplete written instrument into a complete one by adding or inserting matter, *without the authority of anyone entitled to grant it*;

(Italics ours.)

■ Neither the petitioner's admission, contained in his statement, nor the facts subsequently revealed in the presentence report would support a conviction for forgery. The instrument was neither falsely made nor falsely completed.

The petitioner completed the check. However, he was authorized to do so by Mr. Lindh, his employer, who had signed it. He was also authorized to cash it. What he was not authorized to do was to use the money for nonbusiness purposes. Thus, Mr. Keene's unauthorized personal use of the $100 constituted third degree theft under RCW 9A.56-.050, not forgery as defined in RCW 9A.60.020.

The petitioner's written statement on his plea of guilty shows that, with respect to count 2, on or about July 20, 1976, he cashed a check upon which the name of his employer, Ron Lindh, had been forged, for the amount of $200. With respect to count 3, on or about July 28, 1976, he

cashed a check upon which the name of Ron Lindh as drawer had been forged, in the amount of $1,000.

It will be seen that the petitioner's admissions constitute the crime of forgery under counts 2 and 3. As we have mentioned earlier, he has also admitted that he intended to defraud his employer. But he maintains that he did these acts because he was compelled to do so by an ex–convict who he had befriended from whom he feared great harm and that his life was in jeopardy. This excuse was offered to the probation officer who filed the presentence report. That officer did not find the story credible.

> Though coercion does not excuse taking the life of an innocent person, it does excuse most, if not all, other offenses. In order to constitute a defense, the coercion or duress must be present, imminent, and impending, and of such a nature as to induce a well–grounded apprehension of death or serious bodily injury if the act is not done. . . . Furthermore, the danger must be continuous throughout the time when the act is being committed and must be one from which the defendant cannot withdraw in safety. The doctrine of coercion or duress cannot be invoked as an excuse by one who had a reasonable opportunity to avoid doing the act without undue exposure to death or serious bodily harm. And threat or fear of future injury is not sufficient.

(Footnotes omitted.) 21 Am. Jur. 2d *Criminal Law* § 100 (1965). *Accord, United States v. Michelson,* 559 F.2d 567 (9th Cir. 1977). *See* C. Torcia, *Wharton's Criminal Law* § 51 (14th ed. 1979); *and see State v. Bromley,* 72 Wn.2d 150, 166–67, 432 P.2d 568 (1967) (Hale, J., dissenting).

The petitioner's own statement shows that he cashed a check for $100 on July 16, 1976, another for $200 on July 20, 1976; and again on July 28, 1976, he cashed a check for $1,000. He does not suggest that he was constantly under danger from the alleged coercer or that he had no opportunity to extricate and withdraw from the coercion. He has stated that his reason for not seeking help was that "at that time I was on probation from the state of California and I figured that I would be extradited back to California if I

did go to the police department, and all I can do is say I'm sorry."

Thus, by his own admission, the factor which prevented the petitioner from seeking help was not coercion but fear that he would be extradited to California for a prior criminal offense.

Count 1 is hereby vacated and the charge is set aside. The petitioner's plea of guilty on counts 2 and 3 is valid. The judgment and sentence on counts 2 and 3 are affirmed.

STAFFORD, BRACHTENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

UTTER, C.J. (concurring in part, dissenting in part)—The record does not indicate that a factual basis existed for the plea of guilty to the forgery in count 1. I therefore concur in the majority's vacation of count 1; however, I would also vacate counts 2 and 3, and therefore dissent. The record does not show petitioner made a knowing and voluntary plea.

Petitioner Keene pleaded guilty and signed a typewritten statement based on CrR 4.2(g) prepared by his attorney. He responded affirmatively when the trial judge asked whether he had read and signed the statement. The following colloquy then occurred:

> THE COURT: And Mr. Keene, you realize, of course, you have a right to be tried by a jury of twelve people if you wish and to confront witnesses?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you have any questions regarding your constitutional rights that you would like to ask either Mr. Ellis or myself at this time?
> THE DEFENDANT: Not really. The only thing I would like to say, it would be practically impossible for me to prove otherwise. That is why I have agreed to enter a plea of guilty.
> THE COURT: On this statement of defendant on plea of guilty, have you read that through thoroughly?
> THE DEFENDANT: Yes, sir.

THE COURT: Is that true and correct?

THE DEFENDANT: Yes, sir.

The trial judge then entered a plea of guilty.

In the majority's view, the trial judge was justified in relying on the plea statement to determine that the plea was valid. I disagree. In my opinion, petitioner's comment that it "would be practically impossible" for him "to prove otherwise" revealed that he did not have a "full understanding of what the plea connote[d] and of its consequence." *Boykin v. Alabama,* 395 U.S. 238, 244, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). Petitioner's comment indicated his plea was equivocal, and since the trial judge did not attempt to ensure petitioner's understanding, the plea is invalid.

A defendant who enters a guilty plea waives several constitutional rights, including his privilege against self-incrimination, his right to a jury trial, and his right to confront witnesses. *McCarthy v. United States,* 394 U.S. 459, 466, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969). Thus, before a guilty plea is accepted as knowing, intelligent, and voluntary, the defendant must be apprised of the nature of the offense and the consequences of the plea. *State v. Holsworth,* 93 Wn.2d 148, 153, 607 P.2d 845 (1980); *see Boykin v. Alabama, supra.*

*Boykin* does not require as a matter of due process that the trial judge specifically enumerate defendant's constitutional rights, *Wood v. Morris,* 87 Wn.2d 501, 508, 554 P.2d 1032 (1976), although this is certainly the better practice. It is sufficient that the record indicate the plea was voluntarily and intelligently made, with knowledge of its consequences. *In re Vensel,* 88 Wn.2d 552, 554, 564 P.2d 326 (1977); *Wood,* at 508. When a defendant attempts to make a plea and also makes a comment indicating a misunderstanding, however, the court should make further inquiries, and refuse to accept the plea until the equivocation has

been eliminated. *See State v. Krois,* 74 Wn.2d 404, 445 P.2d 24 (1968); *State v. Mullin,* 66 Wn.2d 65, 400 P.2d 770 (1965).

In this case, because of the circumstances surrounding the plea and petitioner's comment, the judge's oral inquiries were insufficient. Petitioner's comment, indicating that he was pleading guilty because it would be "practically impossible" for him "to prove otherwise", revealed that he may have misunderstood that the State has the burden of proof, and that he need not "prove" anything. *See McCarthy,* at 466. Petitioner's comment, coupled with the fact that the typewritten statement was signed at the last minute, should have put the court on notice that petitioner might not understand his rights, despite the fact that the statement indicated the court had told him that the charge must be proven beyond a reasonable doubt.

Petitioner's comment also indicated that he may have thought he had to take the stand in his defense. The typewritten statement did not include the right to remain silent,[3] and the trial judge only mentioned the right to jury trial and the right to confront witnesses. Under the circumstances of this case, the trial judge should have conducted a more thorough inquiry.

---

[3]In fairness to the trial judge it should be pointed out that the guilty plea statement form utilized by Keene is identical in all important respects to the one set out in CrR 4.2(g). A proposed amendment to the model statement of defendant on plea of guilty set out in CrR 4.2(g) provides in part:

5. I have been informed that:
. . .
(c) I have the right to remain silent before and during trial, and I need not testify against myself.

92 Wn.2d advance sheet No. 5 (June 29, 1979). The existing and proposed rules require only that the written statement be filed "in substantially the form set forth."

Because the petitioner's oral comments required the trial judge to take steps to ensure the petitioner understood his rights, this case presents a somewhat unique factual situation.

I would hold that the plea should be vacated as to all three counts.

HOROWITZ, J., concurs with UTTER, C.J.

Reconsideration denied April 9, 1981.