[No. 7508–0–I.   Division One.   February 2, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. SCOTT EUGENE RIDGLEY, *Appellant.*

---

*Lewis H. Nomura* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Joanne Maida* and *Michael Monroe, Deputies,* for respondent.

SWANSON, J.—Scott Eugene Ridgley appeals from the judgment entered on pleas of guilty to two counts of second degree robbery. He contends that the trial court erred in accepting the pleas because the requirements of CrR 4.2 were not satisfied.

A note on the procedural background of this appeal is in order. Oral argument was heard on February 21, 1980. We filed an opinion on July 21, 1980, setting aside the guilty pleas and remanding the case so Ridgley could plead anew. The State then filed a motion for reconsideration which was granted on November 6, 1980. Argument on the State's motion was heard on November 14, 1980, and by order dated December 11, 1980, the first opinion was withdrawn. Having considered the arguments on the motion for reconsideration, we now conclude that Ridgley's pleas were entered in compliance with CrR 4.2.

The facts relevant to the issue on appeal are these: On September 29, 1978, Ridgley, while represented by counsel, was arraigned on a charge of second degree robbery. He was informed of the charge, and he and his attorney were furnished with a copy of the information. He entered a plea of

not guilty. On January 18, 1979, Ridgley was arraigned on a second charge of second degree robbery. Again, he was furnished with a copy of the information, and he entered a not guilty plea. Ridgley's attorney waived formal reading of the information at both arraignments.

On January, 25, 1979, Ridgley appeared with counsel before a different judge, and the information in the first charge was amended to include a second count of robbery as had originally been charged on January 18. There was no objection to the motion to amend. It was also indicated that Ridgley wished to enter a guilty plea to both counts of second degree robbery and that in exchange the State agreed not to file charges regarding a burglary and theft and to recommend a 1 1/2–year minimum term on each count.

Ridgley was then carefully questioned by the judge regarding his plea and the consequences thereof. He indicated that he had read his statement on plea of guilty provided pursuant to CrR 4.2(g). He said he understood the statement and had discussed the matter with his attorney and was satisfied his attorney had represented his best interests. He indicated that he understood that he was giving up his right to a trial as well as his right to appeal the sentence, that the court was not required to follow the State's recommendation, and that the length of his prison term would be determined by the parole board.

His statement on plea of guilty indicated that he was not guilty but that after reviewing the evidence he believed a jury would find him guilty. He acknowledged to the judge that the statement was true. He said he had no questions and understood the proceeding. The judge accepted the pleas, and judgment subsequently was entered.

Ridgley contends on appeal that the trial court erred in accepting his guilty pleas because the court did not determine that the pleas were made with an understanding of the nature of the charge as required by CrR 4.2(d):

> The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and

the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

According to the commentary by the Washington Criminal Rules Task Force, CrR 4.2 is essentially a paraphrasing of Federal Rule of Criminal Procedure 11. The task force stated that it intended to follow the federal rule, and it was on this basis that our Supreme Court in *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976), concluded that CrR 4.2 requires the trial court to make direct inquiries of the defendant:

In light of the clearly expressed intent of the framers of CrR 4.2 to follow rule 11, we conclude that our rule of court should be construed as its model had been construed prior to the drafting and adoption of the Washington rule. CrR 4.2 was designed to accomplish the same two purposes stated by the Supreme Court in *McCarthy v. United States* [394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969)]. Thus, *the trial judge must make direct inquiries of the defendant as to whether he understands the nature of the charge and the full consequences of a guilty plea.*

(Italics ours.) *Id.* at 511, 554 P.2d at 1038.

In the case at bar, the trial judge questioned Ridgley extensively regarding his understanding of the consequences of the pleas, and no argument is made that the pleas were a product of coercion or made without awareness of the consequences. Ridgley contends, however, that the trial judge did not question him on the record regarding the nature of the charges. He is correct when he suggests that the elements of second degree robbery were not specifically enumerated on the record when the pleas were entered. Moreover, in our first opinion, we expressed the view that the record disclosed no inquiry by the judge regarding the nature or the elements of the charges. Upon reconsideration, however, we conclude that the trial court made an adequate inquiry as to the nature of the charges.

In our original opinion we quoted from a footnote in *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980), to

the effect that a defendant does not understand the nature of the charge unless, at a minimum, he is aware of the acts and mental state which constitute a crime. We thus implied that there had been noncompliance with CrR 4.2 because the trial judge did not explain to Ridgley the acts he was alleged to have committed and the mental state in which those acts were performed. However, it is instructive to set out the entire footnote from which we quoted:

> Apprising the defendant of the nature of the offense need not "always require a description of every element of the offense . . ." *Henderson v. Morgan,* 426 U.S. 637, 647 n.18, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976). At a minimum, however, it would appear that the defendant would need to be aware of the acts and the requisite state of mind in which they must be performed to constitute a crime.

*Holsworth,* at 153 n.3.

After we granted the State's motion for reconsideration, the Supreme Court handed down its opinion in *In re Keene,* 95 Wn.2d 203, 622 P.2d 360 (1980). *Keene* similarly deals with a contention, *inter alia,* that the petitioner's plea of guilty was invalid because he did not understand the nature of the charge. As in this case, the petitioner had signed a written statement in the form provided by CrR 4.2(g). The court rejected the petitioner's contention that the rule had been violated, and in so doing it emphasized that *Wood v. Morris, supra,* does not mandate *oral* inquiry by the judge of the defendant. *See also In re Vensel,* 88 Wn.2d 552, 564 P.2d 326 (1977). The *Keene* court concluded:

> In the instant case, the judge was justified in relying upon the plea statement. While the statement was typewritten and was prepared by the petitioner's attorney, he told the trial court that he had read it, and that the statements contained in it were true. He will not now be heard to deny these facts.

*Keene,* at 206–07.

In this case, the trial court likewise relied upon Ridgley's written statement. However, the judge went further and

discussed the statement on the record with Ridgley. Part of that colloquy was as follows:

THE COURT: In Paragraph 12 you state, "After reviewing the evidence I feel that a jury would find me guilty and even though I am not guilty, I feel that it is in my best interest to plead guilty to robbery two, Count I and II."

Is that an accurate statement?

THE DEFENDANT: No.

THE COURT: What is not accurate about it?

MR. PARKS [defense counsel]: I think—

THE COURT: I would rather just talk to Mr. Ridgley. What do you mean when you say, "No"?

THE DEFENDANT: Well, I didn't understand what you asked me there.

THE COURT: I'm going to read this to you and ask if it's a true statement. This is what was filled in: "After reviewing the evidence I feel that a jury would find me guilty and even though I am not guilty, I feel that it is in my best interest to plead guilty to robbery two, Count I and II."

THE DEFENDANT: Yes.

THE COURT: That is your statement?

THE DEFENDANT: Yeah, that's my statement.

THE COURT: Have you gone through the evidence with Mr. Parks?

THE DEFENDANT: Yes.

THE COURT: And discussed the possibility of being convicted or not convicted?

THE DEFENDANT: Yeah.

THE COURT: You feel that you would be convicted if you went to trial?

THE DEFENDANT: Yes.

THE COURT: Do you have any further questions about this procedure, this entry of a plea, at all?

THE DEFENDANT: No.

THE COURT: You feel you understand this proceeding?

THE DEFENDANT: Yes.

THE COURT: If you have any questions, now is the time to ask them, Mr. Ridgley.

THE DEFENDANT: No.

THE COURT: I will ask you, then what is your plea to the crime of robbery in the second degree, as contained in Count I of the Amended Information?

THE DEFENDANT: Guilty.

THE COURT: And what is your plea to the crime of robbery in the second degree as contained in Count II of the Amended Information?

THE DEFENDANT: Guilty.

The question remains, as it did in *Keene,* whether the statement on plea of guilty and Ridgley's answers to the judge's questioning show that he was aware of the nature of the charge. In *Keene* the petitioner pleaded guilty to the crime "as charged in the information," *Keene,* at 205, and he had acknowledged receipt of the information. The court concluded that the petitioner was therefore aware of the elements of the crime.

Here, too, Ridgley pleaded guilty to robbery in the second degree "as contained in [the two counts of] the Amended Information." The amended information contained counts of robbery as had originally been alleged in two separate informations. At the separate arraignments Ridgley's attorney acknowledged receipt of the informations on Ridgley's behalf. In addition, Ridgley's pleas were "*Alford*" pleas wherein he proclaimed his innocence but pleaded guilty to avoid a potentially harsher punishment. *See North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970). As the colloquy set out above illustrates, Ridgley decided to enter the *Alford* pleas after reviewing the evidence with his attorney and concluding that a jury would convict him. Under these circumstances, the only reasonable conclusion that can be drawn is that Ridgley understood the nature of the charges, and the trial judge made the appropriate direct inquiries required by CrR 4.2.

There is an added element to this case which, while not strictly relevant given our disposition, we think deserves mention. Ridgley's contention is that the trial judge committed error by not complying with the rule. What Ridgley does *not* contend is that he did not understand the nature of the charge. In short, Ridgley claims no prejudice.

In *McCarthy v. United States,* 394 U.S. 459, 471, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969), the Supreme Court made the statement that "prejudice inheres in a failure to comply with Rule 11 . . ." Our court in *Wood v. Morris, supra,* relied heavily on the "prejudice inheres" language of *McCarthy* in holding that vacation of the plea is the appropriate remedy for noncompliance with CrR 4.2. In both those cases, however, there was a basis for finding prejudice to the defendants. In *McCarthy* the defendant pleaded guilty to a "knowing and willful" attempt to avoid tax payments; at sentencing, however, he insisted that his actions were "neglectful" and "inadvertent." In *Wood v. Morris,* the defendant claimed he was not aware of the consequences of the plea because the applicable mandatory minimum sentence had not been mentioned during plea bargaining. Similarly, in *In re Keene, supra,* the petitioner at least made the assertion that he was unaware that intent to injure or defraud was an element of the crime to which he pleaded guilty.

In this case, Ridgley comes before us armed with nothing but the bare assertion that there was a technical violation of CrR 4.2. His position is further weakened by the fact that his pleas were entered pursuant to an agreement with the prosecution wherein it would not file charges relating to other crimes of which he was suspected and would recommend a 1 1/2–year minimum on each count. No contention is made that Ridgley did not receive the benefit of his bargain. *Cf. State v. Majors,* 94 Wn.2d 354, 616 P.2d 1237 (1980). Under these circumstances, it seems reasonable to place some burden on the defendant to establish prejudice resulting from a violation of CrR 4.2. We think the Supreme Court of Illinois took the correct approach when it made the following statements regarding its rule for the taking of guilty pleas:

> When a defendant is represented by counsel and enters a plea of guilty pursuant to a plea agreement it is appropriate to inform him of the nature of the charge by naming the offense. Under these circumstances the record

reflects substantial compliance with Rule 402(a)(1). We will not set aside a judgment entered on such a plea of guilty absent an allegation and proof of prejudice. *People v. Robinson,* 63 Ill. 2d 141, 146, 345 N.E.2d 465, 467 (1976).

We conclude that the record in this case demonstrates compliance with CrR 4.2. The Superior Court's judgment is affirmed.

JAMES, C.J., and ANDERSEN, J., concur.

Reconsideration denied March 3, 1981.

Review denied by Supreme Court May 8, 1981.