[No. 9165–4–I. Division One. February 1, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. LAURA SCARPELLI, *Appellant.*[1]

---

[1]By order of the Court of Appeals dated May 4, 1982, the title of this case was changed from The State of Washington v. Scarpelli to The City of Seattle v. Scarpelli.

*Bradley K. Spear,* for appellant (appointed counsel for appeal).

*Douglas N. Jewett, City Attorney,* and *Elizabeth Rene, Assistant,* for respondent.

*Rosemary Bordlemay* on behalf of Seattle–King County Public Defender Association, amicus curiae.

WILLIAMS, J.—This appeal from a judgment of conviction of a second drunk driving offense raises issues concerning required standards and procedures for pleading and proving a prior conviction and the applicability of the enhanced penalty provisions of Seattle Municipal Code 11.56.020(11).

The facts are these: In 1980, the Seattle Municipal Court found Laura Scarpelli guilty of driving while under the influence of intoxicants a second time and sentenced her to 7 days in jail as required by Seattle Municipal Code 11.56-.020(11). She appealed to the superior court, was again found guilty, and, at a hearing held 3 months later, was sentenced to the 7 days in jail required by the ordinance. At the sentencing hearing, the City, as proof of the prior conviction, offered a copy of the municipal court docket for September 4, 1979. This showed a conviction for drunk driving based on a plea of guilty and, by two checked boxes, that (1) defendant was advised of constitutional rights at arraignment before plea and intelligently and knowingly acknowledged understanding; and (2) right to attorney was waived by defendant.

The basic issue is whether the 1979 municipal court judgment entered upon a plea of guilty established the cur-

rent violation of drunk driving as a second offense calling for a certain 7 days in the city jail. Scarpelli first argues that the 1979 conviction could not be used because it was not pleaded. To have done so, thus calling the conviction to the attention of the trier of fact, would have been prejudicial error. *State v. Kirkpatrick,* 181 Wash. 313, 43 P.2d 44 (1935). The substantive offense was heard and decided on April 10, 1980; proof of the prior offense was presented and argued on July 7, 1980. Scarpelli and her counsel were present and fully participated in the second hearing without objection. Any error in the notice or pleading was waived.

█ Scarpelli next argues that the City did not prove beyond a reasonable doubt the validity of the first drunk driving conviction because there was insufficient evidence to establish that the plea was intelligently and voluntarily made, with knowledge of its consequences. *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976). *In re Vensel,* 88 Wn.2d 552, 555, 564 P.2d 326 (1977) controls:

> We believe it is important at the time a plea of guilty is entered, whether in justice or superior court, that the record show on its face the plea was entered voluntarily and intelligently, and affirmatively show the defendant understands the maximum term which may be imposed. *United States ex rel. Pebworth v. Conte,* 489 F.2d 266 (9th Cir. 1974); *Yellowwolf v. Morris,* 536 F.2d 813 (9th Cir. 1976). Recognizing the lack of procedure to record the verbal understanding of the information required, district courts should have the defendant acknowledge he understands his rights on a written form similar to that required in CrR 4.2(g) and modified as may be appropriate for district court proceedings.

The checked boxes on the municipal court docket do not comport with this ruling.

Scarpelli also argues that only prior convictions occurring after the ordinance was amended in 1979, restricting the authority of the court to suspend or defer a jail term, could properly be considered. She refers to no authority for this proposition and we know of none.

The case is remanded for a reduction of the judgment from a second to a first offense with appropriate sentencing.

DURHAM, A.C.J., and RINGOLD, J., concur.