[No. 4370–3–III. Division Three. February 23, 1982.]

*In the Matter of the Personal Restraint of*
SAMUEL PIETRO EVANS, *Petitioner.*

*Samuel Pietro Evans,* pro se.

*C. J. Rabideau, Prosecuting Attorney,* and *Laurence S. Moore, Deputy,* for respondent.

McINTURFF, C.J.—Samuel Pietro Evans seeks relief from a Franklin County conviction of escape based upon his plea

of guilty on August 15, 1975.

Mr. Evans asks that we vacate his conviction and dismiss the charge against him on the grounds: (1) his plea was coerced and (2) he could not have been guilty of escape because the facility from which he escaped was not the kind of facility covered by the relevant escape statute.

Despite Mr. Evans' complaint that he was not able to discuss the matter with his counsel and that his counsel did not assist him, in answer to the court's question of whether he was ready to plead at the time and whether he had an opportunity to discuss the matter with his attorney, Mr. Evans answered affirmatively. And, contrary to the assertions his plea was coerced, in response to the court's questions concerning whether the statement on the plea of guilty was signed voluntarily, Mr. Evans answered that it had been and there was nothing about it he did not understand. Also, when the court asked him if anyone had forced or coerced him to plead guilty, he replied negatively. Thus, there is no reason to believe Mr. Evans had been forced in any manner to enter a guilty plea.

Likewise, there is no merit to Mr. Evans' complaint that the work release facility from which he escaped was not one of the "detention facilities" covered by RCW 9A.76.110[1] and RCW 9A.76.010(2)[2] under which he claims he was convicted and sentenced. The information and the judgment and sentence reflect Mr. Evans was charged with escape under RCW 72.65.070 which was in effect at the time of his

---

[1]RCW 9A.76.110 provides:

"(1) A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony, he escapes from custody or a detention facility.

"(2) Escape in the first degree is a class B felony."

[2]RCW 9A.76.010(2) provides:

"'Detention facility' means any place used for the confinement of a person (a) arrested for, charged with or convicted of an offense, or (b) charged with being or adjudicated to be a juvenile offender as defined in RCW 13.40.020 as now existing or hereafter amended, or (c) held for extradition or as a material witness, or (d) otherwise confined pursuant to an order of a court, except in order under chapter 13.34 RCW or chapter 13.32A RCW, or (e) in any work release, furlough, or other such facility or program".

offense.

Nonetheless, there is merit to this petition because there does not appear on the record at the time the plea was taken a sufficient factual basis for finding Mr. Evans guilty of the escape charge.

██ RCW 72.65.070 under which Mr. Evans was convicted provides, in part:

> Any prisoner approved for placement under a work release plan who wilfully fails to return to the designated place of confinement at the time specified shall be deemed an escapee and fugitive from justice, and upon conviction shall be guilty of a felony and sentenced in accordance with the terms of chapter 9.31 RCW.

Other than Mr. Evans' statement on his Statement of Defendant on a Plea of Guilty that "I escaped from the Tri–Cities Work Release Facility in Pasco on July 5, 1974," there are no other facts in the record at the time the plea was taken which would allow a jury to conclude he was guilty of escape. *See State v. Newton,* 87 Wn.2d 363, 552 P.2d 682 (1976). *See also In re Keene,* 95 Wn.2d 203, 622 P.2d 360 (1980); *In re Teems,* 28 Wn. App. 631, 626 P.2d 13 (1981). In the absence of a sufficient factual basis, a defendant's plea cannot be considered voluntary. *In re Keene, supra.*

Since the record at the time of the plea does not show a sufficient factual basis to support the voluntariness of the plea, we are constrained to hold the judgment is vacated; the matter is remanded to Franklin County Superior Court for the petitioner to enter a new plea.[3]

MUNSON, J., concurs.

GREEN, J. (dissenting)—The majority, relying on *In re Keene,* 95 Wn.2d 203, 622 P.2d 360 (1980), holds the petitioner's statement "I escaped from the Tri–Cities Work Release Facility in Pasco on July 5, 1974," without any

---

[3]For an in–depth discussion of the need for a factual basis, see our opinion in *In re Taylor,* 31 Wn. App. 254, 640 P.2d 737 (1982).

other facts in the record, is an insufficient factual basis to allow a jury to conclude he was guilty. I disagree.

In *In re Keene, supra,* Mr. Keene pleaded guilty to three counts of forgery. He had signed a statement as required by CrR 4.2(g). In the statement Mr. Keene acknowledged the court told him: He was charged with three counts of forgery; the maximum sentence for each count was 5 years' imprisonment, a $5,000 fine or both; he had a right to counsel, to trial by jury, and to hear and question adverse witnesses and have witnesses testify for him; and the charge must be proven beyond a reasonable doubt. Mr. Keene stated he also was pleading guilty to three counts of forgery as charged in the information and was doing so freely and voluntarily. The only information supplied to the judge for his determination on whether a factual basis for the plea existed was the following statement made by Mr. Keene:

> The Court has asked me to state briefly in my own words what I did that resulted in my being charged with the crime in the information. This is my statement: With respect to Count 1 on or about July 16, 1976 while my employer, Ron Lindh, of Capital Printing and Office Supply was on vacation cashed a check in a sum of $100.00 which my employer had left behind for emergency business expenditures. With respect to Count 2 I on or about July 20, 1976 cashed a check which had been drawn on the Pacific National Bank of Washington upon which check the name of my employer, Ron Lindh, had been forged, said check being for the amount of $200.00. With respect to Count 3 on or about July 28, 1976 I cashed a check drawn on the Pacific National Bank of Washington upon which check the name of Ron Lindh as drawer had been forged, said check being in the amount of $1,000.00.

*In re Keene, supra* at 209–10. The court stated, "the petitioner's admissions constitute the crime of forgery under counts 2 and 3", *In re Keene, supra* at 212, even though it had stated earlier intent to injure or defraud is a critical element of the crime of forgery. Although the statement made by Mr. Keene did not expressly contain the element of intent, the court found the information to which Mr.

Keene pleaded guilty and made part of the record contained allegations of intent sufficient to support a voluntary plea.

Here, as in *In re Keene,* petitioner made a statement on his plea of guilty acknowledging the court had advised him of his rights. He also made the following statement:

> The court has asked me to state briefly in my own words what I did that resulted in my being charged with the crime in the Information. This is my statement: *I escaped from the Tri–Cities Work Release Facility in Pasco, on July 5th, 1974.*

(Italics mine.) This statement and information alleging the requisite intent, to which petitioner pleaded guilty and was made part of the record at the hearing, when compared with the statement in *In re Keene, supra,* presents a sufficient factual basis upon which a jury might find the petitioner guilty.

In light of *In re Keene, supra,* I would hold petitioner's guilty plea valid, affirm the judgment and deny his petition.