# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55156-0-II |
| Respondent, | |
| v. | |
| DEMARCO LAMONT PARKER, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — Demarco Parker pleaded guilty to first degree manslaughter for the death of Deangelo Reese. The amended information alleged that he was armed with a deadly weapon. Parker provided the court with a minimal statement regarding his guilt, which did not mention being armed with a deadly weapon. No other information was provided to the trial court at the time of the plea regarding Parker being armed with a deadly weapon. Parker appeals, arguing that his plea was involuntary because there was not a sufficient factual basis to support the sentencing enhancement.[1] We agree with Parker that there was not a sufficient factual basis for the trial court to accept his plea to the deadly weapon enhancement, rendering his entire plea involuntary.

---

[1] Parker also argues that his plea was involuntary because he did not understand the nature of the deadly weapon sentencing enhancement and because *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), renders his plea involuntary. Because we resolve this case on the factual basis issue, we need not address these claims of error.

No. 55156-0-II

Accordingly, we reverse Parker's first degree manslaughter conviction and remand for proceedings consistent with our opinion.

FACTS

In 2020, Parker pleaded guilty to first degree manslaughter with a deadly weapon sentencing enhancement. The statement of defendant on plea of guilty contained a statement by Parker purporting to provide a factual basis for his plea. The statement read: "On August 17, 2018 in Tacoma, Washington, I acted recklessly and caused the death of Deangelo Reese." Clerk's Papers (CP) at 20. Although there is a box on the guilty plea statement followed by a sentence that says, "Instead of making a statement, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea," that box was *not* checked. *Id.*

The trial court accepted Parker's guilty plea. The court stated that the plea was "knowingly, intelligently and voluntarily made, that [Parker understood] the nature of the charges and the consequences of the plea and [there was] a factual basis for the plea." 1 Verbatim Report of Proceedings (VRP) at 13. Parker's offender score was 5, including 1 point for unlawful possession of a controlled substance from 2002. This put Parker's sentencing range at 120-158 months, including 24 months for the deadly weapon sentencing enhancement. Due to Parker's criminal history, the court imposed 158 months, which totaled 182 months after the sentencing enhancement.

Parker appeals.

2

## KNOWING AND VOLUNTARY PLEA

A. LEGAL PRINCIPLES

"Due process requires that a defendant's guilty plea must be knowing, intelligent, and voluntary." *State v. Codiga*, 162 Wn.2d 912, 922, 175 P.3d 1082 (2008). For a plea to be voluntary, the defendant must understand the nature of the charges and the consequences of the guilty plea. CrR 4.2(d); *Codiga*, 162 Wn.2d at 922. In addition, the trial court "must be satisfied 'that there is a factual basis for the plea.' " *Codiga*, 162 Wn.2d at 922 (quoting CrR 4.2(d)). The factual basis requirement is satisfied " 'if there is sufficient evidence for a jury to conclude that [the defendant] is guilty.' " *In re Pers. Restraint of Keene*, 95 Wn.2d 203, 210, 622 P.2d 360 (1980) (internal quotations omitted) (quoting *State v. Newton*, 87 Wn.2d 363, 370, 552 P.2d 682 (1976)). The factual basis must be developed on the record at the time of the plea. *Id.*

A defendant may withdraw a guilty plea if "necessary to correct a manifest injustice." CrR 4.2(f). A plea taken without a factual basis may amount to a manifest injustice for which a plea may be withdrawn. *Codiga*, 162 Wn.2d at 922-23.

B. ANALYSIS

Parker argues that his plea was involuntary because there was not a sufficient factual basis for the deadly weapon sentencing enhancement. We agree.

The State argues that the trial court is not limited to Parker's plea statement in determining whether there was a factual basis for the plea and asserts that the court can consider the declaration of probable cause—even when the assertions contained in the declaration are not adopted or admitted to by the defendant. The State argues that our supreme court in *Codiga* inaccurately recited the law when the court explained, "so long as the documents relied upon are made part of

the record, the trial court can rely on any reliable source, including the prosecutor's statement of the facts *if adopted by the defendant*, to establish that there is a factual basis for the plea." *Id.* at 924 (emphasis added) (citing *Keene*, 95 Wn.2d at 210 n.2).

As an initial matter, even if we accepted the State's argument, the State appears to misunderstand what "made part of the record" means. Here, the trial court did not consult, cite, or *even mention* the declaration of probable cause at the plea hearing, nor did the State seek to admit it as an exhibit. Moreover, there were no other indications at the plea hearing that the trial court considered the probable cause declaration in determining whether there was a factual basis for the plea. *See, e.g.*, *State v. Osborne*, 102 Wn.2d 87, 96, 684 P.2d 683 (1984) ("Although the record of the plea proceedings makes no specific mention of the prosecutor's affidavit itself, numerous references [were] made to the witness statements and autopsy report summarized therein.").

In *Osborne*, a case which involved a plea pursuant to *State v. Newton*,[2] the court stated, "in order for a prosecutor's statement of fact to constitute a factual basis for a guilty plea under CrR 4.2(d), that statement must: (1) be before the court at the time of the plea, and (2) be made part of the record at that time." *Id.* (citing *Keene*, 95 Wn.2d at 210). Here, although the probable cause declaration was no doubt physically present in the court file, the State points us to nothing showing that it was made part of the record of the plea hearing.

Parker did not agree that the court could rely on the declaration of probable cause to establish a factual basis and instead provided his own statement of guilt for the crime "including

---

[2] 87 Wn.2d 363, 369-72, 552 P.2d 682 (1976) (if defendant pleads guilty but refuses to admit guilt, factual basis for plea can be established from sources other than the defendant if made a part of the record) (citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)).

enhancements . . . if they apply." CP at 20. Parker stated, "On August 17, 2018 in Tacoma, Washington, I acted recklessly and caused the death of Deangelo Reese." *Id.* The court reviewed this statement with Parker at the plea hearing. As we note, at no time during the plea hearing did the trial court or the parties mention the declaration of probable cause. On this record, we cannot conclude that the trial court relied on declaration of probable cause, much less that Parker adopted the facts contained within it. Additionally, the probable cause statement was not made a part of the record at the plea hearing. Therefore, there was no factual basis to support the sentencing enhancement. *See Osborne*, 102 Wn.2d at 96.[3]

We must now address the remedy afforded to Parker. In *State v. Bisson*, 156 Wn.2d 507, 521, 130 P.3d 820 (2006), the plea agreement at issue included five 24-month sentencing enhancements. The State conceded that the plea was involuntary because the defendant did not understand the sentencing consequences of his guilty plea, specifically, whether the enhancements would be served consecutively or concurrently. *Bisson*, 156 Wn.2d at 517. The question left for the court was whether the defendant was required to withdraw his guilty plea entirely, or whether he could withdraw the plea as to the enhancements only. *Id.* at 518. The supreme court held that Bisson was required to withdraw his guilty plea in its entirety because the plea agreement was indivisible. *Id.* at 519-20. We follow *Bisson* and hold that Parker's remedy is limited to withdrawal of his entire guilty plea, not merely his deadly weapon enhancement.

---

[3] The State also argues that the declaration of probable cause "[is] buttressed by the Defendant's sentencing memorandum and letter." Br. of Resp't at 12. However, these documents were submitted to the trial court at sentencing, after Parker had already pleaded guilty. Because the factual basis must be established on the record at the time of the plea, these documents cannot provide the requisite factual basis. *See Keene*, 95 Wn.2d at 210.

## CONCLUSION

We hold that there was not a sufficient factual basis for Parker's guilty plea and the plea is, therefore, involuntary. We further hold that Parker's remedy is limited to withdrawal of his entire guilty plea. Accordingly, we reverse Parker's first degree manslaughter conviction and remand for further proceedings consistent with our opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
CRUSER, J.

We concur:

_____
WORSWICK, J.

_____
GLASGOW, A.C.J.