[Nos. 5299–1–III; 5719–4–III. Division Three. October 18, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. PHILLIP
MICHAEL STEPHAN, *Appellant*.

*In the Matter of the Personal Restraint of*
PHILLIP MICHAEL STEPHAN, *Petitioner*.

*John Henry Browne* and *Browne, Ressler & Foster,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Fred J. Caruso, Deputy,* for respondent.

MUNSON, C.J.—By direct appeal and personal restraint petition, Phillip Michael Stephan challenges his sentence for violating The Securities Act of Washington under RCW 21.20.010.[1] He contends RCW 21.20.400[2] does not authorize either imprisonment or restitution in his case. We affirm the sentence and deny the personal restraint petition.

Mr. Stephan and two codefendants were charged with 24 counts relating to fraudulent sale of securities and theft. When the court denied Mr. Stephan's motion to sever his trial from his codefendants, Mr. Stephan pleaded guilty to

---

[1]RCW 21.20.010 provides:

"It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly:

"(1) To employ any device, scheme, or artifice to defraud;

"(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or

"(3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person."

[2]RCW 21.20.400 provides:

"Any person who wilfully violates any provision of this chapter except RCW 21.20.350, or who wilfully violates any rule or order under this chapter, or who wilfully violates RCW 21.20.350 knowing the statement made to be false or misleading in any material respect, shall upon conviction be fined not more than five thousand dollars or imprisoned not more than ten years, or both; but no person may be imprisoned for the violation of any rule or order if that person proves that he or she had no knowledge of the rule or order. No indictment or information may be returned under this chapter more than five years after the alleged violation."

one count of fraud in connection with the offer and sale of the security, a violation of RCW 21.20.010. The amended information indicated Mr. Stephan offered a fraudulent security to 148 people. In his written plea statement, CrR 4.2(g), Mr. Stephan indicated he understood the maximum penalty for the violation was not more than 10 years in prison and/or a $5,000 fine. The statement also indicated Mr. Stephan understood the prosecutor was going to recommend "the penal institution and restitution." The statement indicated he understood the Board of Prison Terms and Paroles set the minimum prison term. On the final page of the statement, Mr. Stephan indicated he did not know the securities laws until he was charged with violating them.

In the subsequent hearing on the plea, the court orally advised Mr. Stephan the nature of the charge and that he could receive a maximum penalty of 10 years in prison. Mr. Stephan indicated he understood. The court orally advised him the prosecutor was recommending incarceration; Mr. Stephan indicated he understood this to be his agreement with the prosecutor in exchange for dropping the 23 remaining charges. When Mr. Stephan attempted to present his limited involvement in the activities, the court asked if he was qualifying his statement. Mr. Stephan admitted again his involvement and asserted he was guilty as charged; neither he nor his attorney contended the court could not incarcerate him or order restitution.

The sentencing hearing was held on July 14, 1982. At the hearing, Mr. Stephan outlined his limited involvement. His attorney sought leniency and, for the first time, challenged the court's authority under RCW 21.20.400 to incarcerate Mr. Stephan. His attorney argued the statute would not permit incarceration here because Mr. Stephan did not know he violated a "rule or order". Counsel essentially argued "provision" and "rule or order" mean the same thing. The court rejected this analysis as it had several days previously when a codefendant raised the same issue. Mr. Stephan was aware of this decision. He was sentenced to

the maximum term of 10 years and to pay $50,000 in restitution over the 10–year period. During the hearing, Mr. Stephan did not challenge that court's authority to impose restitution.

This appeal (cause 5299–1–III) and personal restraint petition (cause 5719–4–III) followed. The appeal challenges both the authority to incarcerate Mr. Stephan and the authority to impose restitution. The personal restraint petition argues: Mr. Stephan did not knowingly enter his plea because he did not know incarceration could occur and his trial counsel was ineffective for misleading him on the issue.

■ Mr. Stephan's reading of RCW 21.20.400 is incorrect. The term "rule or order" is consistently used throughout RCW Title 21 to refer to actions of the Director of Licensing of this state. *See, e.g.,* RCW 21.20.110(2), .250, .280, .310(1), .320(1), .325, .370, and .390. RCW 21.20.390 begins:

> Whenever it appears to the director that any person has engaged or is about to engage in any act or practice constituting a violation of any provision of this chapter or any rule or order hereunder, the director may in his or her discretion:
>
> (1) Issue an order . . .

This is but one example showing the meaning of the word "order". While the word "rule" also appears throughout RCW Title 21 in reference to the authority of the director, his or her authority to make rules is established in RCW 21.20.450:

> The administration of the provisions of this chapter shall be under the department of licensing. The director may from time to time make, amend, and rescind such rules and forms as are necessary to carry out the provisions of this chapter, including rules defining any term, whether or not such term is used in the Washington securities law. The director may classify securities, persons, and matters within the director's jurisdiction, and prescribe different requirements for different classes. No rule or form, may be made unless the director finds that the action is necessary or appropriate in the public inter-

est or for the protection of investors and consistent with the purposes fairly intended by the policy and provisions of this chapter. In prescribing rules and forms the director may cooperate with the securities administrators of the other states and the securities and exchange commission with a view to effectuating the policy of this statute to achieve maximum uniformity in the form and content of registration statements, applications, and reports wherever practicable. All rules and forms of the director shall be published.

"[R]ule or order" thus clearly is meant to mean something entirely different from "provision," used in context with the phrase "of this chapter."

The language of RCW 21.20.400 parallels the language of section 32(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78ff. The scienter requirement has been interpreted as a congressional limitation on the rulemaking authority of the Securities and Exchange Commission. *See Santa Fe Indus. v. Green,* 430 U.S. 462, 51 L. Ed. 2d 480, 97 S. Ct. 1292 (1977); *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 47 L. Ed. 2d 668, 96 S. Ct. 1375, *reh'g denied,* 425 U.S. 986 (1976). *See also* 1 A. Bromberg & L. Lowenfels, *Securities Fraud & Commodities Fraud* § 2.1(240) (1982). The exception therefore has no significance because Mr. Stephan pleaded guilty to a violation of RCW 21.20.010, a statutory "provision," not a "rule or order." The court did not therefore err in sentencing Mr. Stephan to serve 10 years in prison.

■ As to whether Mr. Stephan knowingly entered the plea bargain, *State v. Perez,* 33 Wn. App. 258, 261–62, 654 P.2d 708 (1982) applies:

When a defendant fills out a written statement on plea of guilty in compliance with CrR 4.2(g) and acknowledges that he or she has read it and understands it and that its contents are true, the written statement provides prima facie verification of the plea's voluntariness. *In re Keene,* 95 Wn.2d 203, 206–07, 622 P.2d 360 (1980); *In re Teems,* [28 Wn. App. 631, 626 P.2d 13 (1981)]; *State v. Ridgley,* 28 Wn. App. 351, 623 P.2d 717 (1981). When the judge goes on to inquire orally of the defendant and satisfies

himself on the record of the existence of the various criteria of voluntariness, the presumption of voluntariness is well nigh irrefutable.

Whether a plea is entered knowingly is decided by looking at all the circumstances. *Wood v. Morris,* 87 Wn.2d 501, 506, 554 P.2d 1032 (1976). *See also State v. Chervenell,* 99 Wn.2d 309, 314, 662 P.2d 836 (1983). Neither *Wood* nor *In re Keene,* 95 Wn.2d 203, 622 P.2d 360 (1980) require a reversal where the court fails explicitly to ascertain the defendant's knowledge of the consequences; instead, the record is searched for factors which indicate such knowledge. Between the written plea statement and the court's oral affirmation of the plea, this record contains at least six references to incarceration. We hold Mr. Stephan entered his plea with full knowledge incarceration was possible, notwithstanding his attorney's misinterpretation of the statute.

The next issue is whether the record supports Mr. Stephan's assertion of ineffective assistance of counsel. Review is again upon the entire record; the issue is whether Mr. Stephan received effective representation and a fair and impartial hearing. *State v. Ermert,* 94 Wn.2d 839, 849, 621 P.2d 121 (1980).

This record supports three conclusions: (1) Mr. Stephan signed an agreement which the State contends he and his counsel prepared. The statement contained the appropriate maximum penalty and the prosecutor's recommendation. Further, a codefendant charged with the same violation was sentenced to prison a few days earlier. Mr. Stephan and his attorney were thus aware of the possible consequences of his plea. (2) The attorney argued in good faith that incarceration was not proper. An appeal has been pursued by new counsel raising the same issue. Therefore, it is difficult to say the attorney's alleged advice was "a serious dereliction of duty". *State v. Butler,* 17 Wn. App. 666, 678, 564 P.2d 828 (1977). Nor was it "outside the range of competence required of attorneys representing criminal defendants." *State v. Perez, supra* at 264. (3) Mr. Stephan

was specifically informed by the court the maximum penalty was 10 years' imprisonment; "a defendant has some duty to request a clarification" in such a situation. *State v. Butler, supra* at 674. We hold Mr. Stephan received effective assistance of counsel. Although counsel argued an erroneous reading of RCW 21.20.400, Mr. Stephan was made aware the possible consequences of his crime could include incarceration. When the trial court indicates clearly the penalty for a crime, any claim of ineffective assistance related to the penalty is waived. *See In re Teems*, 28 Wn. App. 631, 637, 626 P.2d 13 (1981).

Mr. Stephan next argues an order of restitution is not permitted under RCW 21.20.400 because the statute speaks only of imprisonment for 10 years and/or a fine of $5,000. He further argues reference to RCW 9A.20.020[3] and RCW 9A.20.030[4] is not correct because The Securities Act of

---

[3]Laws of 1981, ch. 137, § 37, p. 534 (the former RCW 9A.20.020) stated in pertinent part:

"(1) Felony. No person convicted of a classified felony shall be punished. by confinement or fine exceeding the following:

". . .

"(b) For a class B felony, by confinement in a state correctional institution for a term of ten years, or by a fine in an amount fixed by the court of twenty thousand dollars, or by both such confinement and fine;"

RCW 9A.20.020 now states in pertinent part:

"(1) Felony. Every person convicted of a classified felony shall be punished as follows:

". . .

"(b) For a class B felony, by imprisonment in a state correctional institution for a maximum term of not more than ten years, or by a fine in an amount fixed by the court of not more than twenty thousand dollars, or by both such imprisonment and fine;" (effective April 1, 1982).

[4]Laws of 1979, ch. 29, § 3, p. 174 (the former RCW 9A.20.030) stated in pertinent part:

"(1) If a person has gained money or property or caused a victim to lose money or property through the commission of a crime, upon conviction thereof the court, in lieu of imposing the fine authorized for the offense under RCW 9A.20.020, may order the defendant to pay an amount, fixed by the court, not to exceed double the amount of the defendant's gain or victim's loss from the commission of a crime."

RCW 9A.20.030 now states in pertinent part:

"(1) If a person has gained money or property or caused a victim to lose money

Washington is not mentioned in RCW Title 9A.

The State contends violation of RCW 21.20.400 becomes a class B felony because of the following language of RCW 9A.20.040:

Prosecutions related to felonies defined outside Title 9A RCW. In any prosecution under this title where the grade or degree of a crime is determined by reference to the degree of a felony for which the defendant or another previously had been sought, arrested, charged, convicted, or sentenced, if such felony is defined by a statute of this state which is not in Title 9A RCW, unless otherwise provided:

. . .

(2) If the maximum sentence of imprisonment authorized by law upon conviction of such felony is eight years or more, but less than twenty years, such felony shall be treated as a class B felony for purposes of this title;

First, Mr. Stephan did not raise this argument prior to this appeal, even though he was well aware of the State's intention to seek restitution. Failure to raise an issue before the trial court generally precludes the party from raising it on appeal. *Smith v. Shannon,* 100 Wn.2d 26, 37, 666 P.2d 351 (1983).[5] Because of the precedential value involved, we address the issue. *See Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972).

■ RCW 9A.20.040 is not a model of clarity. Reference to "any prosecution under this title" in the early part of the statute creates the confusing idea that the prosecution must

---

or property through the commission of a crime, upon conviction thereof or when the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement, the court, in lieu of imposing the fine authorized for the offense under RCW 9A.20.020, may order the defendant to pay an amount, fixed by the court, not to exceed double the amount of the defendant's gain or victim's loss from the commission of a crime." (Effective July 10, 1982.)

[5]One problem created when an issue is not presented at the trial level is readily apparent here. Mr. Stephan has not addressed the effect of RCW 9A.20.040 on RCW 21.20.400 in his appeal. This court is therefore without guidance on his view of the statute.

be for a classified crime already a part of RCW Title 9A. The rules of statutory construction require that we ascertain legislative intent, *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 1, 5, 665 P.2d 891 (1983), seek the spirit of the provision, *State v. (1972) Dan J. Evans Campaign Comm.,* 86 Wn.2d 503, 508, 546 P.2d 75 (1976), and avoid a construction which voids any section or words, *Nisqually Delta Ass'n v. DuPont,* 95 Wn.2d 563, 568, 627 P.2d 956 (1981). Applying these rules, we hold the language quoted above refers to RCW 9A.04 through 9A.16, which defines terms, limits actions, establishes culpability and capacity, sets the standard of proof, establishes defenses, etc. RCW Title 9A is the comprehensive criminal code of Washington; all prosecutions are "under this title".

The State's interpretation of RCW 9A.20.040 is correct. A felony defined outside RCW Title 9A becomes a classified crime through application of RCW 9A.20.040 and .020. A trial court may order restitution unless prohibited by the statute. RCW 9A.20.030.

Mr. Stephan pleaded guilty to one count of securities fraud involving 148 people. The prosecutor stated these people were defrauded of $1,600,000 to fund, in some manner, the corporation's nonexistent leasing scheme. Restitution of $50,000 is therefore well within the evidence.

The conviction is affirmed and the personal restraint petition is denied.

McINTURFF, J., and EDGERTON, J. Pro Tem., concur.