[No. 14931-1-II.   Division Two.   July 27, 1992.]

PROTECT THE PENINSULA'S FUTURE, *Appellant,* v. CLALLAM
COUNTY, *Respondent.*

*Peter J. Eglick* and *Henryk J. Hiller,* for appellant.

*David H. Bruneau, Prosecuting Attorney,* and *Christopher Melly, Chief Deputy,* for respondent.

*Glenda H. Geerlofs* on behalf of League of Women Voters of Clallam County, amicus curiae.

ALEXANDER, J. — Protect the Peninsula's Future (PPF), a Washington nonprofit corporation, appeals the Clallam County Superior Court's denial of its request for (1) an order enjoining the Clallam County Commissioners from committing future violations of Washington's Open Public Meetings Act of 1971; and (2) attorney's fees and costs. We affirm the Superior Court's denial of PPF's request for injunctive relief, but we reverse its order denying its request for attorney's fees.

In 1989, the City of Sequim applied to the Clallam County Commissioners for a substantial development permit to enable it to extend its sewer outfall line farther out into the waters of the Strait of Juan de Fuca. The permit application was initially reviewed by Clallam County's Shoreline Advisory Board. PPF participated extensively in the permit review process and in the hearing held on the matter before the advisory committee. That committee was unable to reach a decision on the application, three members of the committee approving the application and three disapprov-

ing. The decision to approve or deny the permit application eventually fell to the Clallam County Board of Commissioners.

The county commissioners conducted a public hearing on Sequim's application on August 10, 1989. Grant Beck, a county planner responsible for processing Sequim's permit application, had earlier provided the three commissioners with an informational packet regarding the issue. It included a draft permit approval, which contained conditions, entitled "findings and conclusions". Following the public hearing, the Board indicated that it would render its decision on the application on August 22, 1989.

On August 15, 1989, the Board met for its regularly scheduled "work session". The three county commissioners, Beck, and a deputy prosecutor, Christopher Melly, attended that meeting. The work session was open to the public until the Board, on the motion of county commissioner David Cameron, agreed to go into executive (closed) session. This executive session included only the three county commissioners, Beck and Melly. Cameron later testified that he asked for the executive session in order to take up discussion of the "shortfalls of the mitigating conditions" that were included in the draft permit and to discuss "pending" or "potential" litigation.

During the executive session, commissioner Cameron brought up the subject of the shoreline permit application because he realized that the conditions in the draft permit did not adequately address concerns raised by the public at the August 10 hearing. Beck responded by distributing a revised draft permit that he felt addressed the issues raised by Cameron. Beck testified that he had made the changes to the draft permit before the executive session, based on his own evaluation of the public testimony at the hearings.

After Beck passed out the revised draft permit, he gave a brief presentation of the content of those changes. Cameron and Beck then briefly discussed the proposed revisions.

Cameron expressed the view that two of the revised conditions, which had been set out as alternatives, would better address the public concerns if each was set out as a separate condition. Although the other two commissioners later admitted to glancing through the document handed out by Beck, neither of them participated in the discussion. Cameron conceded at trial that litigation was never discussed during the executive session because he felt that the revised set of conditions took care of the inadequacies in the draft permit.

After the August 15 meeting, Beck redrafted the conditions into final form and sent them to the Board for approval on August 22. The differences between the draft Beck distributed at the executive session and the final draft were consistent with Cameron's comments at the executive session.

On August 22, 1989, at an open meeting of the county commission, Beck presented the permit in its revised form. Cameron then made the following comments:

> The County thought it was very important to add these conditions to the permit. We thought that they would address the concerns of the parties involved.

Following these comments, a motion was made and seconded to approve the permit with the revised conditions. The commissioners voted unanimously to approve the permit, subject to the revised conditions.

On September 11, 1989, PPF filed a complaint in Jefferson County Superior Court against Clallam County and the City of Sequim for injunctive and declaratory relief, alleging violations of the open public meetings act. PPF also requested damages against the individual members of the Clallam County Commission, but the latter request was subsequently withdrawn. All parties filed motions for summary judgment and after oral argument, the trial court granted summary judgment dismissing the City of Sequim. The cross motions for summary judgment by PPF and Clallam County were denied.

A trial was held, after which the trial court concluded that "the limited discussion and review of the draft which occurred at the executive session constituted an 'action' as that term is defined in RCW 42.30.020(3) and constituted a violation of the Open Public Meetings Act." It concluded, however, that PPF was not entitled to any relief for this violation because (1) it withdrew its request for damages against the individual Board members, (2) the Board did not take any "final action" on the permit application until the open meeting on August 22, and (3) the subsequent vote was an independent untainted action from the private action, which "cured" the problem. The trial court also denied PPF's request for attorney's fees.

On appeal, in accordance with a settlement agreement in a related federal lawsuit,[1] PPF limits its request for relief to (1) a declaration that the executive session of the Board on August 15, 1989, was held in violation of the open public meetings act, (2) an order enjoining the County from violating the act in the future, and (3) an award of attorney's fees and costs pursuant to RCW 42.30.120(2) and CR 37(c).

APPLICABILITY OF OPEN PUBLIC MEETINGS ACT

The County claims, at the outset, that the actions of the commissioners were quasi judicial and were, therefore, not subject to the open public meetings act. We disagree.

█ RCW 42.30.140(2), a portion of Washington's Open Public Meetings Act of 1971, provides that "this chapter shall not apply to . . . [t]hat portion of a meeting of a quasi-judicial body which relates to a quasi-judicial matter between named parties as distinguished from a matter having general effect on the public or on a class or group". Although the Board of County Commissioners can, on occasion, be considered a quasi-judicial body, *Lejeune v. Clallam Cy.*, 64 Wn. App. 257, 823 P.2d 1144, *review denied*, 119

---

[1]The parties only state that the federal lawsuit is "related" to this action and that it is captioned *Protect the Peninsula's Future v. Sequim*, Western District of Washington No. C89-1668.

Wn.2d 1005 (1992), we do not think that the matter before the commission was a matter of interest only to the named parties. Whether a permit should have been granted to the City of Sequim, which would have permitted it to extend its sewer outfall farther into the waters of the Strait of Juan de Fuca, was clearly a matter of substantial importance to the general public in that region of the state and to a lesser degree all of the citizens of the state.

■ Furthermore, we agree with PPF that the actions of the commission, in this instance, were not quasi judicial. A 4-part test is employed to determine whether administrative action is quasi judicial: (1) Whether a court could have been charged with making the agency's decision; (2) whether the action is one which historically has been performed by courts; (3) whether the action involves the application of existing law to past or present facts for the purpose of declaring or enforcing liability; and (4) whether the action resembles the ordinary business of courts as opposed to that of legislators or administrators. *Chaussee v. Snohomish Cy. Coun.*, 38 Wn. App. 630, 634-35, 689 P.2d 1084 (1984). Here, none of the factors is present. In particular, the action taken by the Clallam County Commissioners did not involve the application of law to past or present facts. Rather, it involved the commission acting in its administrative role.

### DECLARATION OF VIOLATION OF OPEN PUBLIC MEETINGS ACT

■ PPF asks this court to declare that the actions taken by the commissioners on August 15, 1989, violated the open public meetings act. As noted above, the trial court concluded that the discussion and review of the draft at the closed meeting was "action" that constituted a violation of the open public meetings act. That holding has not been challenged by Clallam County. In essence, PPF asks us to affirm the trial court's unchallenged ruling. In our judg-

ment, it is unnecessary for this court to put its imprimatur on a ruling of the trial court which is unchallenged.

## INJUNCTIVE RELIEF

██ PPF also seeks reversal of the trial court's failure to enjoin the Clallam County Commissioners from violating the open public meetings act in the future. RCW 42.30.130 provides that any person may commence an action for an injunction to (1) stop violations or (2) prevent threatened violations of the act. In ruling on the request for injunctive relief, the trial court is to determine, in its discretion, if injunctive relief is appropriate and, on appeal, the reviewing court is to give great weight to the trial court's exercise of that discretion. *Brown v. Voss*, 105 Wn.2d 366, 372, 715 P.2d 514 (1986).

> [O]ne who seeks relief by temporary or permanent injunction must show (1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him.

*Washington Fed'n of State Employees, Coun. 28 v. State*, 99 Wn.2d 878, 888, 665 P.2d 1337 (1983) (quoting *Tyler Pipe Indus., Inc. v. Department of Rev.*, 96 Wn.2d 785, 792, 638 P.2d 1213 (1982) (quoting *Port of Seattle v. International Longshoremen's Union*, 52 Wn.2d 317, 319, 324 P.2d 1099 (1958))). All three criteria must be met before injunctive relief is warranted. *Washington Fed'n of State Employees, Coun. 28 v. State, supra.*

PPF must demonstrate that an injunction is necessary to prevent future violations by the Board of County Commissioners. There was no evidence presented at trial that even suggests that the Board of County Commissioners regularly holds meetings in violation of the open public meetings act or that it has threatened to do so in the future. PPF, therefore, has failed to demonstrate a well-grounded fear that the right of the public to have the public's business conducted in

public is imperiled. The trial court did not abuse its discretion when it failed to grant PPF's request for injunctive relief.

## ATTORNEY'S FEES

PPF claims, finally, that it is entitled to an award of attorney's fees as the prevailing party in the action. The open public meetings act provides for an award of attorney's fees to "[a]ny person who prevails against a public agency in any action in the courts for a violation of this chapter . . . [or] [p]ursuant to RCW 4.84.185, [to] any public agency who prevails in any action in the courts for a violation of this chapter". RCW 42.30.120(2).

PPF established at trial that the Commission had taken an "action" on August 15 and that, therefore, a violation of the act had occurred. Consequently, PPF is entitled to an award of attorney's fees. The fees should, however, be limited to the fees chargeable for time spent before any settlement was reached with Clallam County.

The trial court's denial of PPF's request for fees is reversed. Its judgment is affirmed in all other respects. The case is remanded for a determination of attorney's fees consistent with this opinion.

PETRICH, C.J., and MORGAN, J., concur.

Reconsideration denied November 18, 1992.

Review denied at 121 Wn.2d 1011 (1993).