[No. 10921-9-I. Division One. June 6, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DARYLL LEE HENNINGS, *Appellant.*

*Gary Wood* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Dennis Nollette, Deputy,* for respondent.

SWANSON, J.—Daryll Lee Hennings was convicted of second degree burglary and found to be a habitual criminal. He appeals alleging (1) for the purpose of preserving the issue only, that RCW 9A.52.040, which allows a jury to infer criminal intent from a person's actions to prove burglary, is unconstitutional, and (2) his prior guilty pleas were not shown to be constitutionally valid. We affirm in part and remand in part.

After Hennings was found guilty of second degree burglary, the trial court held habitual criminal proceedings. At the habitual criminal proceedings the trial judge found Hennings had pleaded guilty to four prior crimes: (1) a plea entered on March 8, 1976, with sentencing on June 11, 1976, for second degree burglary; (2) a plea entered May

25, 1976, with sentencing on June 11, 1976, for attempted second degree burglary; (3) a plea entered June 6, 1979, with sentencing on January 25, 1980, for second degree possession of stolen property; and (4) a plea entered on February 6, 1980, with sentencing on February 27, 1980, for second degree theft.

The trial court concluded that because of the close proximity in time between the first and second convictions and the third and fourth convictions, "they shall count together as two prior convictions, either in each set being sufficient to support the finding of the court herein."

We need not thoroughly discuss the constitutionality of RCW 9A.52.040 because, as Hennings concedes, prior cases clearly establish that the statute is constitutional. *See State v. MacReady,* 32 Wn. App. 928, 651 P.2d 752 (1982); *State v. Bennett,* 20 Wn. App. 783, 582 P.2d 569 (1978).

Thus the only actual issue is whether the trial court erred in determining that Hennings' prior guilty pleas were constitutionally valid.

In a habitual criminal proceeding "the State has the burden of proving beyond a reasonable doubt that the prior conviction was based on a valid guilty plea." *State v. Holsworth,* 93 Wn.2d 148, 152, 607 P.2d 845 (1980). There is a constitutional requirement that a guilty plea be made voluntarily. *In re Keene,* 95 Wn.2d 203, 206, 622 P.2d 360 (1980). CrR 4.2(d) provides specific safeguards to ensure guilty pleas are entered properly. The rule reads:

> The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and *the consequences of the plea.* The court shall not enter a judgment upon a plea of guilty *unless it is satisfied that there is a factual basis for the plea.*

(Italics ours.)

Hennings claims his prior guilty pleas were not valid because (1) no factual bases were established for those pleas, (2) the courts did not determine he understood the consequences of his pleas, and (3) the courts accepting

those pleas did not determine Hennings understood he was waiving his right to remain silent.

■ We first address the factual basis question. We conclude that a factual basis was established for at least one plea in each set, the March 8, 1976 and February 6, 1980 pleas. To satisfy the factual basis requirement of CrR 4.2(d) the trial court must find sufficient evidence for a jury to conclude the defendant is guilty of the crime charged. *Keene,* at 210. With respect to the March 8, 1976 second degree burglary plea, the plea statement established a sufficient factual basis. Hennings in his plea statement wrote: "On Nov. 4, 1975, I entered a house unlawfully on 37th St. So., with the purpose of stealing items." Hennings does not even contest the factual basis established for the February 6, 1980 second degree theft guilty plea.

Hennings also asserts that he was not advised of the sentencing consequences of his pleas. We disagree.

■ Use of the written form set out in CrR 4.2(g) is sufficient to show that a defendant is aware of the sentencing consequences of his plea. *See In re Vensel,* 88 Wn.2d 552, 555, 564 P.2d 326 (1977). Here, Hennings signed such a form for each guilty plea. He was, therefore, advised of the consequences of his pleas.

Finally, we consider Hennings' claim that the courts that received his guilty pleas failed to determine he understood he was waiving his right to remain silent. We conclude that because there is no evidence in the record to show that Hennings knew of his right to remain silent prior to entering either of the first two guilty pleas, the court erred by finding Hennings a habitual criminal.

■ While it is not necessary to show that a defendant was expressly advised of his right to remain silent, there must be some evidence in the record presented at the habitual criminal proceeding showing that the defendant knew of his right to remain silent at the time of his guilty pleas. *State v. Chervenell,* 99 Wn.2d 309, 662 P.2d 836 (1983). The State may show that the defendant knew of his

right to remain silent by extrinsic evidence,[1] and in a number of ways. *Chervenell*, at 314–15.

Here, the State failed to present evidence showing that Hennings knew of his right to remain silent for all the pleas. The two most recent guilty plea forms satisfy the proof requirements. They include the statement: "I have the right to testify or not testify and even if I decide not to testify I have the right to have witnesses testify for me." But the prior two plea forms do not include such a statement, and the State failed to present any other evidence showing that Hennings knew of his right to remain silent. Because the court concluded that the most recent two guilty pleas constituted only one plea for the purposes of the habitual criminal proceeding, based on the evidence presented, the State only proved one constitutionally valid prior conviction.

We affirm the burglary conviction and remand for further proceedings not inconsistent with this opinion.

CALLOW and RINGOLD, JJ., concur.

Reconsideration denied June 24, 1983.

---

[1] We observe that the language in *Chervenell* suggests extrinsic evidence may be considered to determine the validity of all guilty pleas regardless of the date entered, contrary to the language in *Holsworth* which limited consideration of extrinsic evidence to pleas entered before September 1976, the decision date of *Wood v. Morris*, 87 Wn.2d 501, 554 P.2d 1032 (1976). We need not determine, however, whether *Chervenell* alters the language in *Holsworth* because the pleas at issue here were both entered prior to September 1976.