# FILED

NOT FOR PUBLICATION

FEB 09 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   WW-11-1089-PaJuWa |
| ) | |
| ERIC W. KAMIEN and TERRY A.   ) | Bk. No.   09-19034-SJS |
| KAMIEN, ) | |
| ) | Adv. No.   09-01575-SJS |
| Debtors.   ) | |
| _____) | |
| ) | |
| CAROL ANN PORTER, ) | |
| ) | |
| Appellant,   ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| ERIC W. KAMIEN; TERRY A.   ) | |
| KAMIEN, ) | |
| Appellees.   ) | |
| _____) | |

Submitted without oral argument on February 9, 2012[2]

Filed - February 9, 2012

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Samuel J. Steiner, Bankruptcy Judge, Presiding
_____

Appearances:   Carol Ann Porter, appellant pro se, on brief
Richard J. Wotipka of Broadway Law Group on brief
for appellees Eric W. Kamien and Terry A. Kamien
_____

_____

[1]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2]   Pursuant to Fed. R. Bankr. P. 8012, the Panel has unanimously determined that oral argument is not necessary in this appeal, in that the facts and legal argument are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

Before: PAPPAS, JURY and WALLACE,[3] Bankruptcy Judges.

Appellant Carol Ann Porter ("Porter") appeals the bankruptcy court's judgment dismissing her complaint to determine the dischargeability of a debt owed to her by chapter 7[4] debtors Eric and Terry Kamien (the "Kamiens") under § 523(a)(4). We AFFIRM.

## FACTS[5]

Porter and the Kamiens became acquainted in 1998 when Porter and Eric Kamien both worked for Eagle Hardware Stores. Lowe's Companies, Inc., purchased Eagle Hardware and the employment of Porter and Eric was terminated. Porter then began her own business, Kitchen Arts, LLC. Although Porter argues in her opening brief that she and Eric were partners in Kitchen Arts, the bankruptcy court would later find that Eric was a commissioned employee of Porter. Hr'g Tr. 3:22-23, October 29,

[3] Hon. Mark. S. Wallace, Bankruptcy Judge for the Central District of California, sitting by designation.

[4] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[5] As discussed below, Porter provided few documents in her excerpts, and no citations to the record in her statement of the case and argument. We have exercised our discretion to review the electronic docket from the underlying bankruptcy case, and the imaged documents attached thereto. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

-2-

2010.[6]

The parties agree that in March 2002, they discussed a potential real estate project to develop a parcel of property in Sammamish, Washington (the "Property"). Porter and the Kamiens, however, strenuously disagree about the nature of their discussions. Porter alleges that the Kamiens proposed formation of a partnership between the Kamiens and Porter, whereby they would purchase the Property, remodel the home, sell it, and split the net profit. The Kamiens deny there was ever any partnership, asserting that they purchased the Property in April 2002 for $279,000, and that title was placed in the Kamiens' names as they were the purchasers of the Property.

There is also considerable disagreement about who provided funds for the project and in what amounts. Porter alleges that she provided $350,000 for the project, but the Kamiens dispute that amount. Porter alleges that Eric Kamien signed a promissory note in her favor for a loan for the initial funds to use to remodel the Property on July 1, 2002. The note is for $70,000 and bears interest at 6 percent interest for one year. The Kamiens deny that Eric signed that promissory note, have alleged that the note was forged, and have forwarded the alleged note to the F.B.I. for investigation.

The parties agree that the Kamiens moved into the remodeled

---

[6] Despite this allegation of an earlier partnership, in her Complaint, Porter does not refer to a partnership between her and Eric at Kitchen Arts. Instead, the Complaint states, "In or around May 2000, Eric Kamien and Terry Kamien and Plaintff became social friends during the time that Mr. Kamien was a salesperson, working with Ms. Porter at Kitchen Arts, LLC[.]" Compl. at ¶ 5.1.

Property in October 2002. Then, on June 1, 2004, the Kamiens took out a home equity loan against the Property in the amount of $90,000. The deed of trust executed to secure the loan indicates that the Kamiens encumbered the Property in their own names. There is no mention of a partnership.

On April 21, 2005, Porter recorded a claim of lien against the Property (the "Lien"). The Lien recites,

[I]n accordance with a contract with Eric W. Kamien and Terry A. Kamien, [Porter] furnished purchase money, labor and materials consisting of building materials for the rebuilding on the [Property] owned by Eric W. Kamien and Terry A. Kamien of a total value of Three Hundred Nineteen Thousand Five Hundred Twenty Three hundred [sic] dollars, $319,523.00, of which there remains Two Hundred Eighty Seven Thousand [F]ive Hundred Twenty Three hundred [sic] dollars, $287,523.00, plus accrued interest . . . and that the lienor served his [sic] notice to owner on April 19, 2005[.]

Compl., Exh. C. (emphasis added). As can be seen, the Lien makes no reference to a partnership, refers to the relationship of Porter and the Kamiens as a "contract" and twice refers to the Kamiens as the "owners" of the Property.

Porter sued the Kamiens in state court on March 26, 2008. Porter v. Kamien, case no. 08-2-10187-8SEA (King County Superior Court). This action was stayed by the bankruptcy filing. In her state court action, Porter only alleged a breach of contract, made no claims that the parties were engaged in a partnership with fiduciary duties, and made no claim for fraud. Porter filed a First Amended Complaint in the state action on April 10, 2008. Like the original complaint, it alleged a breach of contract action, and made no reference to a partnership or fiduciary duties. On January 6, 2009, Porter

-4-

filed a Second Amended Complaint, for the first time alleging the existence of a partnership relationship among the Kamiens and Porter and that the Kamiens had breached "Partnership Fiduciary Duties."

The Kamiens filed the chapter 7 petition on September 2, 2009. On schedule A, they claimed fee simple ownership of the Property, which they valued at $535,000.00. On schedule F, they listed a disputed claim by Porter for $350,000 arising out of the state court lawsuit.

On December 7, 2009, acting pro se, Porter commenced the adversary proceeding giving rise to this appeal. Although not clearly pled, in the complaint Porter appeared to seek a judgment declaring that the $350,000 debt allegedly owed to her by the Kamiens was excepted from discharge; she also sought denial of discharge.

The Kamiens filed a motion to dismiss the adversary proceeding under Rule 7012, which incorporates Civil Rule 12(b)(6), on January 8, 2010. They argued that Porter had failed to allege any facts to support a claim to except the debt from discharge under § 523, but rather the facts and law pled showed that she held, at best, a dischargeable breach of contract claim against the Kamiens.

Counsel appeared for Porter, and on February 19, 2010, responded to the dismissal motion. Porter clarified her pleadings, arguing that she had adequately pled a nondischargeability claim under § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity. Porter argued that she and the Kamiens were partners in the project to develop

the Property, and that Washington law imposes on partners a fiduciary relationship. Porter also argued that she had adequately pled sufficient facts to support a denial of discharge under § 727(a)(2),(3),(4)(A) and (D), because the Kamiens had knowingly and fraudulently concealed assets, partnership agreements, business ownerships and made false oaths and statements, orally and in writing, in connection with their bankruptcy case.

The Kamiens responded on February 22, 2010, generally asserting that Porter had never argued in her complaint for denial of discharge under § 727, but had only objected to discharge of her debt. Additionally, the Kamiens noted that they had already been granted a discharge and thus could not be subjected to a denial of discharge under § 727(a).

The bankruptcy court held a hearing on the Kamien's dismissal motion on February 26, 2010. An order entered on March 4, 2010, indicates that the court had announced its findings and conclusions on the record. No transcript of the motion hearing was provided in the excerpts of record, nor does one appear in the bankruptcy court's docket. According to the order of March 4, the court dismissed any § 727(a) claims for denial of discharge, but denied the motion to dismiss as to any claims for an exception from discharge under § 523(a)(4). Porter did not appeal the order granting dismissal of the § 727 claims.

The Kamiens filed a counterclaim against Porter on March 12, 2010, in which they sought a declaratory judgment that the Lien was invalid, and quieting title to the Property in the

-6-

Kamiens. Porter responded that she would voluntarily release the Lien. However, she asked the bankruptcy court to enter various orders encumbering the Property. The Kamiens opposed Porter's request.

Kamiens filed a motion for summary judgment on the counterclaim. A hearing was held on April 23, 2010. There is no transcript in the record, but a short minute entry on the docket indicates that Porter had not yet released the Lien. On April 29, 2010, the bankruptcy court entered an order granting summary judgment in favor of the Kamiens, quieting title to the Property in the Kamiens, and allowing one week for Porter to release the Lien or the bankruptcy court would void the Lien. Porter did not appeal the order granting summary judgment.

Trial was held on August 16 and 17, 2010, on Porter's remaining claim for nondischargeability under § 523(a)(4). Porter and the Kamiens were represented by counsel, and the bankruptcy court heard testimony from nine witnesses: Porter, the Kamiens, Bill Rice (a contractor who worked with the parties on the Property), Rosemary Wardell and Tori Johnson (realtors), Brian Ahrens (certified appraiser), Rob Floberg and Hanna McFarlane (expert witnesses on handwriting and forgery).

The bankruptcy court orally announced its decision on October 29, 2010. According to the transcript in the record, after discussing the facts of the case, the court made the following determinations:

> The sole issue before the court is whether there existed a partnership relationship among the Kamiens and Porter. Hr'g Tr. 5:17–6:1, October 29, 2010.

> In their testimony, neither the Kamiens nor Porter

-7-

"appeared to me to be credible witnesses. Because of that, I was forced to follow and rely primarily on the paper trail." Hr'g Tr. 6:2-6.

"[I]f this was a joint venture, I do not understand why title was taken only in the name of the Kamiens." Hr'g Tr. 6:7-9.

Exhibit 13, a letter of April 18, 2005, from Porter to the Kamiens "demands repayment of the loans made for the purchase and remodel of the house. The letter makes no reference to a partnership." Hr'g Tr. 6:10-14.

Exhibit 14, the Lien, "makes no reference to a partnership." Hr'g Tr. 6:15-16.

Exhibit 34, a memo to a Mr. Treppani at World Savings, where Ms. Porter "thanks him for helping her friends with the financing of their home." There is no mention of a joint venture or partnership or that she had an interest in the Property. Hr'g Tr. 6:17-21.

The bankruptcy court twice refers to the alleged promissory note attached to the Complaint as a forgery. Hr'g Tr. 6:22, 7:1. Regardless of the circumstances surrounding the creation of the promissory note, the court observed that it makes no mention of a partnership or joint venture. Hr'g Tr. 7:1-2.

The original and First Amended Complaint in the state court action are captioned "Complaint for Breach of Contract," and alleges nonrepayment of loans and makes no reference to a partnership or joint venture. Hr'g Tr. 7:3-12. It is only with the Second Amended Complaint that for the first time Porter alleges the existence of a partnership relationship. The court observed that "[t]his [was] done some five or six years after the facts." Hr'g Tr. 7:13-16.

The bankruptcy court then concluded:

In summary and in conclusion, based on the paper trail, I conclude there was no partnership. The exhibits I referred to create, in my opinion, a mountain of admissions by Ms. Porter which make it impossible for her to sustain the requisite burden of proof.
It follows from my conclusion that there was no breach of any partnership-related fiduciary duties and, therefore, the judgment must be for the [Kamiens]. Hr'g Tr. 7:17-8:1.

-8-

On February 11, 2011, the bankruptcy court entered a judgment dismissing the adversary proceeding with prejudice.[7] Porter filed a timely appeal on February 25, 2011.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I) and (J). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court clearly erred in ruling that Porter failed to prove the existence of a partnership relationship between Porter and the Kamiens.

**STANDARD OF REVIEW**

The existence of a partnership is a question of fact. Malnar v. Carlson, 910 P.2d 455, 461 (Wash. 1996); Douglas v. Jepson, 945 P.2d 244, 247 (Wash. Ct. App. 1997) ("Whether a partnership exist[s] is a question of fact."); see also Tsurukawa v. Nikon Precision, Inc. (In re Tsurukawa), 287 B.R. 515, 521 (9th Cir. BAP 2002) ("Whether or not parties have entered into a partnership relationship rather than some other form of relationship is a question of fact[.]").

The bankruptcy court's rulings on questions of fact are reviewed for clear error. Murray v. Bammer (In re Bammer), 131 F.3d 788, 792 (9th Cir. 1997) (en banc); Oney v. Weinberg (In re Weinberg), 410 B.R. 19, 27-28 (9th Cir. BAP 2009). "The clear

---

[7] The bankruptcy court's judgment also awarded the Kamiens $2,500 for reasonable attorney's fees incurred in their successful prosecution of the counterclaim against Porter. Porter makes no mention of this award in this appeal.

-9-

error standard is significantly deferential and is not met unless the reviewing court is left with a 'definite and firm conviction that a mistake has been committed.'" <u>Fisher v. Tucson Unified Sch. Dist.</u>, 652 F.3d 1131, 1135 (9th Cir. 2011).

**DISCUSSION**

Section 523(a)(4) excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." In an action under § 523(a)(4), a creditor must establish: (1) that an express trust existed between the debtor and creditor; (2) that the debt was caused by the debtor's fraud or defalcation; and (3) that the debtor was a fiduciary to the creditor at the time the debt was created. <u>Otto v. Niles (In re Niles)</u>, 106 F.3d 1456, 1459 (9th Cir. 1997); <u>Nahman v. Jacks (In re Jacks)</u>, 266 B.R. 728, 735 (9th Cir. BAP 2001). The creditor bears the burden or proving the facts necessary to establish an exception to discharge under § 523(a) by a preponderance of the evidence. <u>Grogan v. Garner</u>, 498 U.S. 279, 291 (1991); <u>Jett v. Sicroff (In re Sicroff)</u>, 401 F.3d 1101, 1106 (9th Cir. 2005).

The meaning of fiduciary for purposes of § 523(a)(4) is a question of federal law. <u>Ragsdale v. Haller</u>, 780 F.2d 794, 796 (9th Cir. 1986). Under federal law, a trust giving rise to the fiduciary relationship must be imposed prior to any wrongdoing, and the debtor must have been a trustee prior to and independent of the wrongdoing itself. <u>Id.</u> While the meaning of fiduciary is narrowly defined under federal law, "state law is to be consulted to determine when a trust in this strict sense exists." <u>Id.</u>

-10-

The Ninth Circuit has previously reviewed Washington law of partnerships and determined that a partner is a "trustee over partnership assets for all purposes" and a "fiduciary within the narrow meaning of § 523(a)(4)." Lewis v. Short (In re Short), 818 F.2d 693, 695-96 (9th Cir. 1987); Wash. Rev. Code § 25.05.165(2)[8].

Porter argues that the Kamiens breached their fiduciary

---

[8] The Ninth Circuit in Short based its decision on a later-repealed statute, Wash. Rev. Code § 25.04.210(1) (1969) (repealed 1998):

> Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

(Emphasis added.) The revised statute adopted that year and still in effect incorporates the older provisions without substantial change:

> General standards of partner's conduct . . . . (2) A partner's duty of loyalty to the partnership and the other partners is limited to the following:
> a) To account to the partnership and hold as trustee for it any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership business or derived from a use by the partner of partnership property, including the appropriation of a partnership opportunity[.]
> Rev. Code Wash. § 25.05.165(2)(a) (emphasis added) (2011).

The District Court for the Western District of Washington recently reviewed the case law and concluded that, based on In re Short and Wash. Rev. Code § 25.05.165(2), a partner's "status as a fiduciary within the meaning of § 523(a)(4) is definitively established by statute and precedent[.]" Errez v. Auburn Ace Holdings, LLC (In re Errez), 2010 WL 5185399, at *2 (W.D. Wash. Dec. 16, 2010).

-11-

duties as partners in the partnership the parties allegedly created to acquire and develop the Property. Of course, as the bankruptcy court would hold, if no partnership existed, the Kamiens were not fiduciaries as to Porter.

Whether parties intend to form a partnership under Washington law is determined by four factors: (1) an express or implied contract, (2) a common purpose, (3) a community of interest, and (4) an equal right to a voice, accompanied by an equal right to control. Paulson v. County of Pierce, 664 P.2d 1202, 1211 (Wash. Ct. App. 1983). Only the first element — that there was an express or implied contract to form a partnership — is essential. Id. (citing Carbaneu v. Peterson, 95 P.2d 1043, 1050 (Wash. 1939)).

After a two-day trial, where the three principal parties — the Kamiens and Porter[9] — testified, and over fifty documentary exhibits were admitted, the bankruptcy court found that there was no agreement, express or implied, to form a partnership. The court considered and rejected the testimony of both Porter and the Kamiens as not credible. We give considerable deference to a court's findings based on credibility of witnesses. Rule 8013; Anderson v. City of Bessemer City, 470 U.S. 564, 574-75 (1985) ("When findings are based on determinations regarding the credibility of witnesses, [Fed. R. Civ. P.] 52(a) [from which Rule 8013 derives] demands even greater deference to the trial court's findings; for only the trial judge can be aware of the

---

[9] There were six other witnesses, but in her brief Porter makes no reference to their testimony, and does not explain how their testimony supports any of her positions.

-12-

variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said."). Anderson is also instructive in this context for its explanation when an appellate court may disregard a court's credibility finding.

> Documents or objective evidence may contradict the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it. Where such factors are present, the court of appeals may well find clear error even in a finding purportedly based on a credibility determination.

Anderson, 470 U.S. at 575. After making its credibility determination, the bankruptcy court pointed to seven documentary exhibits that the court found inconsistent with Porter's testimony. In the court's words, the exhibits created "a mountain of admissions" by Porter that her relationship to the Kamiens was that of a creditor to a debtor, not partner. Thus, the credibility determinations of the bankruptcy court, to which we must give great deference, were not contradicted by the documentary evidence. Indeed, the documentary evidence supports the existence of a creditor-debtor relationship, not a partnership relationship as alleged by Porter. Based on the bankruptcy court's credibility determinations as to the oral testimony given by Porter, together with the documentary proof showing that a lender-borrower relationship was established by the parties, as discussed in detail by the bankruptcy court, we conclude that the bankruptcy court did not clearly err in ruling that there was no partnership relationship among the Kamiens and Porter. Consequently, because there was no partnership, Kamiens breached no fiduciary duties to justify an exception to

discharge of the Kamiens' debt to Porter under § 523(a)(4).

In this appeal, Porter has not shown that the bankruptcy court clearly erred. Indeed, Porter's pro se presentation is ineffective. Her sole argument is that the trial transcripts support her position that a partnership existed. The problems with Porter's position are many.

First, the informal brief presented by Porter offers only conclusory suggestions that the actions of the Kamiens and Porter demonstrated their intent to form a partnership. There were no references, specifically or even in general, to contract formation, whether the parties had a common purpose, a community of interest, or an equal right to a voice in partnership, accompanied by an equal right to control. The brief presents no citations to authority to support any of its conclusory statements. In effect, Porter asks us to trawl through hundreds of pages of unofficial transcripts to establish her arguments for her. Neither the Panel nor appellees are obliged to search an entire record unaided for error. Dela Rosa v. Scottsdale Mem. Health Sys, Inc., 136 F.3d 1241 (9th Cir. 1998); Syncom Cap. Corp. v. Wade, 924 F.2d 167, 169 (9th Cir. 1991).

Second, Porter was ordered by the Panel on three occasions to produce both the transcripts for the record, and the exhibits relied on by the bankruptcy court. She ultimately provided unofficial copies of the transcripts, which she had privately prepared, rather than securing preparation of an official transcript, as ordinarily required by Fed. R. App. P. 10(b). Moreover, Porter did not provide any of the documentary exhibits relied on by the bankruptcy court at trial in reaching its

-14-

decision.

Although the Kamiens have objected to our review of the unofficial transcripts, they are not prejudiced because we conclude that the transcripts do not support Porter's position. It is true that Porter's testimony at trial provides facts and dates which might indicate an intent to form a partnership. However, that testimony is contradicted by that of the Kamiens. The bankruptcy court ultimately ruled that neither the Kamiens nor Porter were credible witnesses. But, since the documentary evidence supported the court's decision that no partnership existed, we need not consider accepting Porter's testimony supporting her position that a partnership existed.

Although the bankruptcy court discounted her credibility as a witness at trial, we are able to glean from the transcripts two unquestioned facts that are not affected by that credibility determination. At one point in her testimony, Porter admits that there is no documentary evidence to show the existence of a partnership. Trial Tr. 74:3386-3389.[10] Second, Porter's attorney did not object to the admission of the seven documents relied on by the court. Trial Tr. 81:3711.

At the heart of this appeal are the trial exhibits discussed and relied upon by the bankruptcy court for its finding that there was no adequate proof of a partnership: (1) Exhibit 13, where Porter "demands repayment of the loans

[10] The unofficial transcripts do not provide the date when this testimony occurred. From internal references, we infer that the transcripts from pages 74 and 81 were on August 16, 2010.

-15-

made for the purchase and remodel of the home." Hr'g Tr. 6:10-14; (2) Exhibit 14, the Lien, twice describes the Kamiens as owner of the Property, characterizes the relationship between Porter and the Kamiens as a contract and "makes no reference to a partnership." Hr'g Tr. 6:16; (3) Exhibit 34, a memo to a Mr. Treppani at World Savings, where Ms. Porter "thanks him for helping her friends with the financing of their home." Hr'g Tr. 6:17-21; (4) The promissory note, which is in the form of a debt instrument, Hr'g Tr. 6:22, 7:1; and (5-7) The State Court Complaint, Amended Complaint, and Second Amended Complaint. The first two complaints allege a breach of contract, and make no reference to any partnership. The Second Amended Complaint, for the first time, alleges the existence of a partnership, but this allegation, in the bankruptcy court's words, was made "five or six years after the facts." Hr'g Tr. 7:13-16. Except for the Second Amended Complaint, none of the documents refers to a partnership and all but the Second Amended Complaint support an interpretation of a debtor-creditor relationship.

From the early stages of this appeal, the Panel has instructed Porter to submit these seven documents. In the Panel's order of July 27, 2011, denying the Kamiens' motion to dismiss the appeal, the Panel strongly cautioned Porter of the consequences of failing to file the exhibits:

> In order to review a factual finding for clear error, the record should usually include the entire transcript and all other relevant evidence considered by the bankruptcy court. See In Re Friedman, 126 B.R. 63, 68 (9th Cir. BAP 1991) (failure to provide an adequate record may be grounds for affirmance); In re Burkhart, 84 B.R. 658 (9th Cir. BAP 1988). (Emphasis added). . . . No [] exhibits were provided. Based on appellant's arguments in her informal brief, it

-16-

> appears such [] exhibits are necessary in order for appellant to have any chance of prevailing on appeal. If appellant does not provide the [] exhibits, the Panel is entitled to assume that she does not believe there is anything in those documents that will help her position on appeal. In re Gionis, 170 B.R. 675, 680-81 (9th Cir. BAP 1994). Failure to provide the [] exhibits will likely result in summary affirmance of the bankruptcy court's decision. See explanatory note to 9th Cir. BAP R. 8006-1; Ehrenberg v. Cal. State Univ., Fullerton Found. (In re Beachport Entm't), 396 F.3d 1083, 1087 (9th Cir. 2005); Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187 (9th Cir. 2003).

Panel's Order of July 27, 2011, at 3-4.

Porter was again ordered to produce the trial exhibits in a Clerk's Order of August 25, 2011. And finally, the Panel directed Porter to submit the exhibits in its Order of September 20, 2011, granting a final extension of time to file the transcripts and exhibits. Porter never produced the exhibits.

As noted above, Porter did file unofficial trial transcripts. But these transcripts do not support her position because the bankruptcy court did not rely on the parties' testimony in making its decision. Because Porter has ignored multiple orders of this Panel directing her to provide the trial exhibits relied on by the bankruptcy court in resolving the contested issues of fact,[11] we are entitled to assume that the exhibits do not support her position and, indeed, instead buttress the bankruptcy court's reasons for determining that as a question of fact there was no partnership relationship among

---

[11] Along with the unofficial transcripts, Porter did include copies of the depositions of Eric and Terry Kamien, without explaining their purpose. The bankruptcy court did not refer to these depositions in its decision, but specifically referenced and discussed the seven documents.

-17-

the Kamiens and Porter.  <u>In re Gionis</u>, 170 B.R. at 680-81. Further, the bankruptcy court's determination based on credibility and documentary findings are entitled to deference by this Panel.  Rule 8013.  On this record, we do not hold a definite and firm conviction that a mistake was been committed by the bankruptcy court.  <u>Fisher</u>, 652 F.3d at 1135.  Therefore, the court was correct in denying Porter's request for an exception to discharge under § 523(a)(4).

**CONCLUSION**

We AFFIRM the judgment of the bankruptcy court.